Roberts *vs.* The Savannah, Florida and Western. Railway.

Section 1593 of the Code, which provides that "cotton, corn, rice, or other products sold by planters and commission merchants on cash sale, shall not be considered as the property of the buyer, or the ownership given up until the same shall be fully paid for, although it may have been delivered into the possession of the buyer," does not include turpentine and rosin, so as to prevent the title thereto from passing to the buyer until fully paid for.

(*a.*) " Other products" construed.

(*b.*) The acts of 1885 provides for including in §1593 of the Code, crude turpentine, spirits of turpentine, rosin, pitch and tar, and thus gives a legislative construction to the section as it stood.

January 26, 1886.

Title. Sales. Turpentine. Words and Phrases. Before Judge HARDEN. City Court of Savannah. February Term, 1885.

E. T. Roberts brought trover against the Savannah, Florida and Western Railway for certain casks of spirits turpentine and certain barrels of rosin. The evidence was to the effect that he was a commission merchant, and as such, sold the property in dispute to one Chestnut on cash sale. The goods were in the possession of the railroad for the plaintiff, and an order was given to the purchaser for them. There was other evidence as to subsequent transfers by orders or receipts made by Chestnut to other parties, not material here. The purchaser (Chestnut) failed to pay, and the plaintiff brought trover against the company, which still had the actual possession. The value was proved.

The case was submitted to the presiding judge without a jury. He held that the turpentine and rosin did not fall within §1593 of the Code, and rendered judgment for the defendant. The plaintiff excepted.

LAWTON & CUNINGHAM; GARRARD & MELDRIM; DENMARK & ADAMS, for plaintiff in error.

CHISHOLM & ERWIN; GEO. A. MERCER, for defendant.

JACKSON, Chief Justice.

The point made by this record is, whether, under section 1593 of the Code, which enacts that "cotton, corn, rice, or other products sold by planters and commission merchants on cash sale, shall not be considered as the prop-

erty of the buyer, or the ownership given up until the same shall be fully paid for, although it may have been delivered into the possession of the buyer," the title to turpentine and rosin does not pass to the buyer until fully paid for also; or, in other words, whether the language "or other products" embraces these articles?

The products here meant by the general assembly are the products of the planters. Planters are those who plant something in the ground, or sow something therein, which produces fruit or increase from this planting and growing from the soil, such as cotton, corn or rice. Potatoes, sugar-cane, sugar, ground-peas, hay, fodder, are such products as planters raise from the soil, like they do cotton, corn and rice; but timber, turpentine, rosin, wood, and things of that sort, are not products of the soil of the same sort as the three named, planted or sown and raised by planters from the soil. See acts of 1853–4, pp. 56, 57; acts of 1857, p. 15; Code of 1863, §1532.

By the first of these acts, this law was applied alone to cotton; by the second, it was made to embrace rice, and by the Code of 1863, "corn, or other products,"* were added. By enactments in July and October, 1885, after this tranaction, section 1593 of the present Code, cited above, was amended by inserting after the word "rice," and before the words "or other products," these words, to-wit, "crude turpentine, spirits turpentine, rosin, pitch, tar," which makes a legislative interpretation of that section, as it stood before so changed, in harmony with the views above expressed. The case of Clark *vs.* Gaskarth, 8 Taunton, 430, is directly in point. See also to the same effect Clark *vs.* Calvert, 8 Taunton, 742, 752.

Judgment affirmed.

---

*See Acts 1884-5, pp. 45, 52.