Trippe, Judge.
1. No principle is more fully settled than the rule that if a person having a fiduciary character, purchase property with the fiduciary funds in his hands and take the title in his own name, a trust in the property will result to the cestui que trust or other person entitled to the beneficial interest in the fund with * which the property was paid for. As if a trustee purchase with the trust funds and take the title in his own name, the trust results to the cestui que trust, or if a guardian purchase with the money of his ward, a trust will result to the ward: Perry on Trusts, section 127. In such cases the transaction is looked upon as a purchase paid for by the cestui que trust, as the beneficial interest in the money belonged to him, and the identity of the money does not consist in the specific pieces of money or bills, but in the general character of the fund out of which the payment is made and the fund may be followed so long as its general character can be identified: Ibid., section 128. The cestui que trust or ward thus interested may assert her right either to the fund thus appropriated, or to the property which was purchased with it. And this can be done whilst the property is in the hands of the trustee or guardian, or if it be in the hands of their vendee who purchased with notice of such facts.
2. The .ward in this case married whilst a minor, and after the passage of the Act of 1866, which says, that “all the property of the wife at the time of her marriage, whether real or personal or choses in action, shall be and remain the separate property of the wife, and all property given to; inherited or acquired by the wife during coverture, shall vest in and belong to the wife, and shall not be liable for the payment of any debt, default or *419 contract of the husband.” The question is made, can a guardian, with this Act in force, settle with his female ward whilst she is a minor, because she has married a man of full age. Before the passage of the Act the husband was entitled to all the property his wife owned or inherited, subject only to her equity, and might reduce it into possession by suit or otherwise, and it made no difference whether she was or was not a minor. By section 1830 of. the Code, “a ward on arriving at majority or marrying a man of full age, may apply to the Ordinary for an order requiring the guardian to appear and submit to a settlement of his accounts.” This was enacted before the Act of 1866, and was consistent with the law which gave the wife’s property to the *husband, and only afforded another remedy in addition to one he already had for the enforcement of his rights as husband, to-wit: another means to reduce the wife’s property into his possession. We do not think that the proper construction of the Act of 1866 or of the section of the Code quoted, as affected by that Act, would allow the guardian to make a compromise or accord and satisfaction with his female ward, whilst she is a minor, and her husband for her claim against him as her guardian. The husband has no power or right to demand or make a settlement. The property is not his, nor can it become his by getting it into his possession. A ward during minority cannot make a settlement. If he be a male, though married, it would not alter the case. If a female, she could only demand it under the old law, by virtue of her marriage with a man of full age, to whom the law gave her property. Now, she is as to her property a feme sole, with no power in the husband to demand or receive it. As a feme sole, before marriage, she could not claim it, and the logical result necessarily is, that she stands in relation to her property with all the rights and no more than the male ward has.
3. When suit is brought for a minor by a next friend who acts by authority of the Court, no compromise with the infant is of any force or effort, which is made without the knowledge or consent either of the Court or the representative of such minor. Even if made by consent of the next friend, it might require the sanction of the Court in the proper way to give it validity. But certainly Courts will not permit minors who are placed under their protection, to be thus dealt with, without their authority or the authority of the one appointed to defend their rights. Here the minor by next friend, instituted suit before reaching majority; the property claimed is largely more than the $100 00 paid as a compromise. When suit was instituted she was under no obligation, or rather had no power to offer to refund, and if the defendant has any right under said payment of $100 00, it is to claim an allowance for it, if it be shown that it was applied for the use and benefit of the ward.
*4. Under the construction given to the Act of 1866, no evidence touching the validity of the ward’s marriage *420 was material, and no injury could result to complainant from the rejection of the sayings of the reputed husband.
5. The returns of a guardian when allowed by the ordinary, and entered of record are prima facie evidence in favor of the guardian. If they are made long after the transactions occurred, which are contained in them, and after'suit has been instituted by the ward, such facts may be considered by the jury in connection with the other testimony, in determining the weight to be given to them.
6. We think that under the evidence contained in the record, there should be a rehearing in this case, and reverse the judgment refusing a new trial.
Judgment reversed and a new trial granted.