JAMES A. GRAY, plaintiff in error, *vs.* HEMAN H. PERRY, receiver, *et al.*, defendants in error.

1. A bill was filed by various creditors of A, claiming to have liens on his effects, and a receiver was appointed who took the assets into possession and reduced them to money. There was a trial and a verdict

distributing the money among the liens, but before any formal decree was made and the money paid out, B filed a petition setting up that he was a judgment creditor, having a higher lien than any of the original claimants, and praying that his debt be paid:

*Held,* that whilst it was not too late for B to come in, as the fund was still under the control of the court, yet the decree of the jury was *prima facie* to be taken for true, and it was not error in the court, B offering no proof to contradict the charges in the bill, to decide the questions of priority according to the face of the record:

2. When a trustee invests trust funds in property in his own name, the *cestui que trust* may elect to follow the *corpus,* and as against a judgment creditor of the trustee, the title of the *cestui que trust* has the preference, especially if the debt of the creditor be in existence at the time of the purchase of the property by the trustee with the trust funds.

Equity. Judgment. Practice in the Superior Court. Trusts. Lien. Before Judge GIBSON. Burke Superior Court. May Term, 1873.

James A. Gray obtained a judgment against Carlton T. Belt, in the superior court of Burke county, on the 27th day of May, 1871, for $1,000 00, with interest from the 18th of February, 1869, and costs of suit. Execution was issued thereon and placed in the hands of the sheriff with instructions to levy on whatever property he could find. On the 25th day of January, 1872, he levied on about twenty-two bales of cotton in the seed, and was proceeding to advertise and sell the same in terms of the law, when he was told by the attorneys in the Ella J. Belt case, and by the receiver appointed therein, that he was stopped by the injunction, and was thus induced to postpone his proceeding, and afterwards, to-wit: on the 27th day of September, 1872, entered on said *fi. fa.* the following: "No property to be found to satisfy the within execution, except trust property."

The following are the facts in the Ella J. Belt case, in which said injunction was granted and said receiver appointed: Ella J. Belt, wife of said Carlton T. Belt, filed a bill against Griffin & Clay, Williams & Company, F. A. Jones, executor of M. D. Jones, and Carlton T. Belt, making the following case: Ella J. Belt, formerly Ella J. Inman, intermarried with said

Carlton T. Belt on January 6, 1871. At the time of marriage, she was possessed, in her own right, of about one thousand acres of land in Burke county, and of personalty to amount of $6,700 00. After said marriage she applied to the court and a decree was rendered by which her entire property, real and personal, was set apart as a trust for her sole use, and that of her issue by said marriage, exempt from the debts of her present or any future husband, and said Carlton T. was appointed her trustee, and received possession and control of said property. In January, 1871, said Carlton T. rented, for that year, from F. A. Jones, as executor, aforesaid, the Mc-Gruder place, and from said Jones, as guardian for Ernest Corker, the "Corker" place, and for rents therefor, contracted to pay for the first, $3,200 00, and seven thousand five hundred pounds lint cotton for the latter. Both places were rented by him for his own benefit, and in his own individual right. In preparing to farm, said Carlton T. used all of said trust fund, to-wit: $6,700 00, by investing it, on his own authority, in horses, mules, wagons and agricultural implements, and with them made the crops during 1871. In farming said plantations he incurred large debts for advances on account thereof, to-wit: about $3,000 00 with said Griffin & Clay, to whom, as security, he gave a factor's lien on his cotton crop and a mortgage on all his personal property; also, one of about $15,000 00 with said Williams & Company, to whom he also gave a similar lien and mortgage. He owed said Jones, as aforesaid, $1,800 00 for balance of unpaid rent, and for an advance on account of said planting business. Griffin & Clay have foreclosed their said lien, and have levied it on thirty bales of cotton grown on the "McGruder" place during 1871, and are about to foreclose on said Carlton T.'s personalty. Williams & Company are about to foreclose their lien and mortgage, and said Jones, executor as aforesaid, claiming that his debt is for rent, is proceeding to collect it by a distress warrant. Complainant believes that Carlton T. fully expected to pay all these debts by his crops, but by reason of bad seasons, etc., they are totally inadequate for that purpose.

He applied in payment of the rents a considerable portion of the crop, and sold off a considerable portion of the stock, intending with the proceeds to pay off said debts. All he has with which to pay the same are the thirty or forty bales of cotton aforesaid, levied on by Griffin & Clay, five head of mules and horses, about thirty head of stock, hogs, etc., and a lot of plantation implements and tools. Carlton T. is insolvent, and as Griffin & Clay, Williams & Company and Jones are proceeding to collect said debts out of his remaining property, the said trust funds in his hands will be lost to complainant. The $6,700 00 claimed as trust funds is invested in the very stock, mules, horses, etc., covered by Griffin & Clay's and Williams & Company's mortgages. Her debt is of the highest nature against all of Carlton T.'s property. The unpleasant position of Carlton T. prevents him from protecting her trust property, he having given these liens, and unless he is restrained from settling said debts, and said creditors restrained from proceeding against said property, and unless said property or its proceeds is brought into court, she is remediless.

Prays that Griffin & Clay, Williams & Company, Jones and Carlton T., be considered parties; that said creditors be enjoined from enforcing their claims at law; that Carlton T., be restrained from paying said debts, and be decreed to account to her for $6,700 00 cash, and be required to invest the same with the interest thereon.

Carlton T. Belt and Griffin & Clay answered the bill, but the facts set up are unnecessary to an understanding of the decision.

The chancellor granted the injunction and appointed Heman H. Perry receiver, to take charge of the property in controversy, to sell the same, and to hold the proceeds thereof subject to the order of the court.

Upon the final trial the jury found for the complainant, as her trust property, $5,252 50, for F. A. Jones, executor, for rent of McGruder place in 1871, $400 00; for Griffin and Clay, the remainder of $1,562 44.

At this stage of the case, *i. e.,* after verdict, James A.

Gray appeared with his said judgment against Carlton T., and took a rule *nisi* against the receiver, setting out the fact that he had in his hands about $7,000 00; alleging that all or a greater part thereof belonged to Carlton T.; that his was the oldest judgment, and requiring the receiver to show cause why he should not satisfy the same out of the funds in his hands.

The receiver answered, stating that he had on hand, after deducting the amounts at divers times paid out to said Ella J., under orders of court, the sum of—in cash, $1,486 57 in other assets, $4,605 29—making a total of $6,091 85.

Upon the reading of this answer counsel for Ella J. Belt moved that she, Griffin & Clay, F. A. Jones, executor, and Carlton T., the parties to the said bill, be made parties to said rule, to resist the same, and in said motion to make parties, alleged that by said verdict in said cause all the funds in the receiver's hands had been appropriated to the said Ella J., F. A. Jones and Griffin & Clay.

Said motion was granted.

Counsel for Ella J. Belt offered in evidence all the record in said cause in equity. Counsel for Gray objected to its admission on the grounds:

1st. That as Gray was no party to said cause or proceeding he was not bound thereby.

2d. That no decree had been rendered on said verdict.

All of these objections were overruled, the record admitted in evidence, and Gray excepted.

It was admitted on the hearing that the sheriff had levied Gray's execution on the cotton aforesaid and was proceeding as usual in such cases; that he was stopped by the attorney for Ella J., and by the receiver, they telling him that he was prevented by the injunction granted in the equity case from making the money thereon. It was also admitted that Gray's judgment was the oldest and that no decree had been entered on said verdict in the equity cause. The court dismissed the rule against the receiver on the ground that the said record showed that the funds in the receiver's hands were covered by

a trust and by liens superior in dignity to Gray's judgment. To which ruling Gray excepted. Error is assigned upon each of the aforesaid grounds of exception.

JAMES S. HOOK, by SAMUEL F. WEBB, for plaintiff in error.

CARSWELL & DENNY, by brief, for defendant.

McCAY, Judge.

This case was argued on the assumption that the judge had held the decree conclusive as to Mr. Gray. We have looked closely into the record upon this point and we do not find any such ruling. All that the judge held was that it was proper to go to the jury as evidence; the weight and effect of it he did not pronounce upon. We recognize the right of Mr. Gray to come in. Though not strictly a creditor's bill, the proceeding was in the nature of such a bill. The fund was in the custody of the court and the legal process of the movant could not get at it. The proper course would have been to have made Mr. Gray a party to the bill on his motion. In a rule against the receiver it would seem that the previous judgment should be at least *prima facie* good. Even if Mr. Gray was a formal party he could hardly ask that the court should call upon the other parties to again go over their case. So far as Mr. Gray could show the judgment wrong we think he had a right so to do. He has not, in our judgment, done this. Mrs. Belt had a right to follow the proceeds of her money into the property in which her husband invested it. He was her trustee; the rent was a legal charge and so was the claim of the factors. Without some proof on the part of Mr. Gray that the judgment was wrong we think it ought to stand. He seems to have been notified of the filing of the bill, and ought then to have come in; he might then have put the parties on their proof.

Judgment affirmed.