## Morgan *vs.* Marshall *et al.*

1. In an action of ejectment, an equitable plea by some of the defendants (the widow and children of a deceased person) to the effect that trust funds of theirs were invested by the administrator in improving the premises in dispute, which premises belonged to him individually, and that he put them in possession under an agreement to hold, free of rent and as security for said funds, and that pending such possession he conveyed to the plaintiff, who took with notice of their rights, and praying for a sale, and that the proceeds be first applied to the payment of their debt, is not demurrable.

2. The infancy of some of the beneficiaries is no obstacle to thus pursuing the trust funds.

3. On the trial of the issue made by said plea, it was competent to prove by parol the fact that the proceeds of the sale of the estate of the first husband and father were invested in said house and lot by his administrator, without producing letters of administration or record evidence of a legal sale thereof—the controlling and important question being, not whether the trust fund got into this property in dispute legally and regularly, but only whether a trust fund of these defendants got there at all, and knowledge thereof in the plaintiff.

4. To show such knowledge in the plaintiff when he took the deed from the trustee, it was competent to prove by the trustee that it was then agreed between the plaintiff and himself that plaintiff was to hold the deed subject to and incumbered with the payment of the amount of the trust fund expended in the erection of said house.

5. Whilst the entire charge of the court in respect to specific performance, was hardly applicable to the case made by the pleadings and evidence, yet the main and important issues in regard to the use of the trust fund in the erection of the house, and the right of the defendants to trace it therein, and knowledge, actual and constructive thereof in the plaintiff, were submitted to the jury substantially in

the charge, their verdict thereon is fully sustained by the evidence and the law, and the decree under the finding should therefore stand.

Ejectment. Pleadings. Infancy. Evidence. Administrators and executors. Trusts. New trial. Before Judge HILLYER. DeKalb Superior Court. September Term, 1878.

Morgan brought complaint for land against Marshall. The last deed in his chain of title was from Jno. N. Pate to him. S. J. Marshall and two minors named Buse were made defendants on their own motion, and a guardian *ad litem* appointed for the latter.

These three defendants filed an equitable plea alleging that plaintiff, with full knowledge that John N. Pate had invested $780.00 belonging to a trust fund, of which defendants were beneficiaries, in improving said premises, accepted a deed from Pate to said premises to secure an indebtedness ·from said Pate to said plaintiff, after having been informed of the claim of defendants in said premises, and with the understanding that such deed was subject to such claim ; that defendants are heirs at law of Joseph Buse, deceased ; that said Joseph left an estate valued at $2,000.00 ; that Pate administered upon said estate and used the funds of said estate in building the house and improving said premises to the extent of $780.00, or other large sum ; that said improvements were completed in the early part of 1872, and that the defendant, S. J. Marshall, went into the possession thereof with the understanding that she was to pay no rent and receive no interest from said fund, but that said premises were to be a security to defendants for the funds which came into the hands of said Pate ; that defendants were in the possession of said premises when the deed was executed by Pate to plaintiff ; that Pate has never refunded the amount so invested, or any part thereof, and that said premises are subject to their claim. Prayer: that a decree may be had directing the sale of said property and the payment to defendants of $780.00, they being will-

ing to let the interest be set off against the use of said premises.

The jury found that the place be sold, that $780.00 be applied to defendants' claim, and the balance be paid to plaintiff. Plaintiff moved for a new trial on the following, among other grounds :

1. Because the court erred in refusing to strike defendants' equitable plea upon plaintiff's motion, for want ·of equity.

2. Because the court erred in permitting John N. Pate, a witness for defendants, over defendant's objection, to testify that he acted as one of the administrators of Joseph Buse, deceased, in selling two lots belonging to said deceased, in the town of Monroe, Walton county, and holding himself accountable for the proceeds to the wife and children, made a contract with her to invest the same.

3. Because the court erred in permitting John N. Pate over the objection of plaintiff, to testify " that at the time he (Pate) made said deed to Morgan, it was agreed between him and Morgan that Morgan was to take said deed and hold it subject to and incumbered with the payment of the amount he (Pate ) had expended in the improvement of said property out of the funds of Buse's estate to Mrs. Buse and her children."

The court stated to the jury that such evidence could not graft a trust on a deed, but was only admitted as tending to show notice to plaintiff.

4. Because the verdict was contrary to law and the evidence.

The motion was overruled and the plaintiff· excepted.

COLLIER & COLLIER ; L. J. WINN, for plaintiff in error, cited (on evidence of administration) 21 *Ga.*, 127 ; 14 *Ib.*, 185 ; 22 *Ib.*, 24 ; 2 Gr. Ev., 338. As to minors, Perry on Trusts, §§128, 606 ; Code, §§2333, 3163. On equities, 57 *Ga.*, 83.

CANDLER & THOMSON, for defendants cited (on the plea) Code, §§3082, 3562, 2316 and references; 38 *Ga.*, 631. On evidence,. Code, §2317 and references; 39 *Ga.*, 479; 25 *Fb.*, 403.

JACKSON, Justice.

If a bill in equity, regularly filed, would have entitled the defendants to relief, then this plea setting up the same facts or grounds for equitable interference will accomplish the same thing at law. Code, §§3082, 3562.

The facts set up are in substance, that Pate put the trust money of these defendants into this house and lot to a certain amount; that Morgan knew it when Pate sold him the house and lot to secure a debt he individually owed Morgan, and took the title with the understanding and agreement, on his part, that these *cestui que trusts* were to be first paid their debt. If these facts are true, in our judgment they show such an equity against Morgan as to. prevent him from recovering the house and lot—it being in the possession of the *cestui que trusts* at the time he bought, and in their possession to hold for the interest of their money in it, and until they were paid. Morgan thus knew that while Pate had the legal title, the *cestui que trusts* held an equitable title to an important share of it, and he bought in subserviency to that equitable interest. Code, §§2316, 2329; 38 *Ga.*, 631. So that, in our opinion, the plea ought not to have been stricken.

2. We cannot see why the infant beneficiaries could not join with their mother and follow this trust fund into this land and have it subjected to their debt. The court will see to it that their rights are preserved, and the *guardian ad litem* has been appointed to protect their interests in the premises.

3. It is not of consequence whether the trust fund of these parties got regularly and legally into this house and lot. The important question is, did their trustee put it there, or did their money get there in any manner? Was

it there in that house and lot? and did Morgan know it? Therefore, it was not necessary to produce Pate's letters of administration at all, but parol evidence was legally admitted to show that he held the money of this woman and these minors, and had put it in this house and lot for their benefit, and to give them a home in lieu of that their husband and father left them, and which he had sold. To trace such funds in all the ramifications of trade, and to subject the property into which it passes is peculiarly the province. of equity, and proof by parol is indispensable to the end in view and the relief sought. Code, §2317 ; 38 *Ga.*, 631 ; Code, §§2333, 3152.

4. To subject this property as against Morgan, it was absolutely necessary to complicate him with the illegal conduct of Pate by showing that when he bought from Pate he knew that trust funds were in the house, and that these funds belonged to these *cestui que trusts.* Hence, the agreement between Pate and Morgan, at the time of their trade, was admissible, and it was admissible to show it by parol proof from Pate, which showed that Morgan knew all about the fund, if Pate was to be believed, and that was for the jury.

5. The charge of the court is in the main correct, and though that in respect to specific performance, may be regarded as not applicable to the case under the facts proven, yet the equity in regard to the rights of the defendants to trace their money in the property is clear—the evidence is sufficient, if believed, to support it abundantly—the jury did believe it—the presiding judge is satisfied with their finding—and under our repeated rulings, in such cases, we do not feel at liberty to interfere. The decree to the effect that the house and lot be sold, and that these beneficiaries be first paid, and then the balance of the proceeds be applied to the debt of Morgan, is the equity of the case applied to the facts found by the jury ; and the judgment is therefore affirmed.

Judgment affirmed.