CARTER, surviving partner, *et al. vs.* LIPSEY.

1. When a guardian takes the funds of his ward and puts the same into the business of a partnership, of which he is a member, or deposits them with the said partners, to be used in their business, or being so deposited, the funds are used with their consent, and the guardian dies, leaving such funds among the partnership assets, and the surviving partner, with notice thereof, takes the same into his own hands and continues business as surviving partner of the firm, and, becoming insolvent, makes an assignment

of all the assets he has, including the trust funds of the ward in his hands, a bill seeking to recover the same is not without equity; especially when not only the firm, but also the securities on the guardian's bond, are insolvent. Nor does the right of garnishment furnish such a complete and adequate remedy at law as to oust a court of equity of its jurisdiction.

(*a.*) The assignee of the surviving partner took only such title as the assignor had, and that encumbered with all the equities existing between the complainant and the assignor. In this bill it is claimed that trust funds of the complainant went into the partnership business, and were there at the death of one partner, with the knowledge of the other; and the books of the partnership carried notice in themselves of this liability; if not full notice, certainly enough to put the assignee on inquiry.

(*b.*) After the dissolution of a partnership, the power of the partners is limited. A partnership having been dissolved by the death of one partner, the survivor had no power to renew or continue an existing liability or to change its dignity or nature. The deceased partner having been a guardian, upon his death, the law fixed a lien on all his estate of higher dignity than any claim by the creditors, for money due by him as guardian to his ward, and such claim would take precedence of other debts.

2. Prior to the act of 1876, the issues made by the pleadings in an equity case were all tried and passed upon by the jury, but their finding was summed up in a general verdict. Since that act, upon request of counsel, made before the beginning of the introduction of evidence, special issues may be submitted, and a verdict rendered, finding on each separately. In such a case, the presiding judge, when charging the jury, shall inform them what issues of fact are made by the pleadings; but he is not required to do this before the argument of counsel has begun.

3. There was no error in rejecting evidence to the effect that the deceased guardian was one of the commissioners to build the court-house in Lee county in 1871–2, and that he kept the accounts of the commissioners on the books of one Stokes, for whom he was an employé.

4. The verdict was supported by the evidence, and the decree was correct.

(*a.*) Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and should not be avoided unless from necessity.

May 1, 1883.

Guardian and Ward. Partnership. Debtor and Creditor. Assignments. Equity. Trusts. Practice in Superior Court. Before Judge FORT. Lee Superior Court. November Term, 1882.

Reported in the decision.

G. W. WARWICK; FRED. H. WEST, for plaintiffs in error.

W. H. KIMBROUGH; D. A. VASON; W. A. HAWKINS, for defendant.

CRAWFORD, Justice.

J. A. Lipsey, by his next friend, filed this bill against the plaintiffs in error, to recover certain assets in the hands of G. W. Warwick, as the assignee of John T. Carter, surviving partner of the firm of Tison & Carter, which he claimed should be declared a trust fund in the hands of the said assignee, for the payment of his demand. He alleged that H. B. Lipsey, his father, died in 1873, leaving a wife and four children, since which time the wife and one of the children have died; that J. P. Tison became the guardian for the children, and received about $3,300 as such guardian; that he was a member of the firm of Tison & Carter, merchants, and put the said sum of money in the business of said firm, or deposited it with them; that the said Tison died insolvent, and his securities on the guardian's bond are also insolvent; that, after Tison's death, Carter, the surviving partner, made an assignment of all the property and assets of the firm to G. W. Warwick, first, for the benefit of certain preferred creditors; and second, for the creditors generally. That the firm, as well as Carter, are insolvent.

The prayer of the bill is that the claim of the complainant may be declared to be a trust debt, and decreed to be paid in preference to all other debts.

To this bill a demurrer was filed, upon the ground that it was without equity, and that the complainant had a complete remedy, by garnishment, at common law. This demurrer was overruled, and that decision is assigned as error.

1. Where a guardian takes the funds of his ward and puts the same into the business of a partnership of which he is a member, or deposits them with the said partners, to be used in their business, or, being so deposited, are used with their consent, and the guardian dies, leaving the funds among the partnership assets, and the surviving partner, with notice thereof, takes the same into his own hands, and continues business as surviving partner of the firm, and, becoming insolvent, makes an assignment of all the assets he has, including the trust funds of the wards in his hands as such surviving partner, a bill seeking to recover the same is not without equity, and especially when not only the firm, but the securities on the guardian's bond, are insolvent. Nor does the right of garnishment furnish such complete and adequate remedy at law as to oust a court of equity of its jurisdiction.

But it is insisted that the assignee had no notice of the trust, and therefore, his title will be protected. To this it is replied that the assignee only took such title as the assignor had, and that encumbered with all the equities existing between the complainant and the assignor. In addition to this, however, section 1917 of the Code declares that, after the dissolution of the partnership, the power of the partners is limited; and here the death of Tison dissolved this partnership, and Carter had no power to renew or continue an existing liability, or to change its dignity or its nature. Upon the death of the guardian, the debts due by him as such guardian had priority over all others, except such as are specially provided for by section 2533 of the Code. Besides this, the allegation in complainant's bill is, that this trust money went into the partnership business; was there at the death of Tison, and with the knowledge of Carter; so that the complainant had the right to pursue this fund in the hands of the assignee, upon both the grounds stated. Upon the first, the moment that Tison died, the law fixed a statutory lien on all his estate, of higher dignity than any claimed by

the creditors; and if the creditors of the partnership had any such, they do not appear from the record. 65 *Ga.*, 317. Upon the second ground, the books of the partnership carried notice in themselves of this liability; if not full notice, certainly enough to put the assignee on inquiry. There was no error in overruling the demurrer.

The defendants filed their answers, Carter denying that any part of the trust estate of complainant ever went into the firm of Tison & Carter, and Warwick, the assignee, denying all knowledge of the business until the assignment was made.

Upon the submission of the issues to the jury, they found the following material facts: That $1,048.51 of the trust funds of the wards went into the hands of the firm of Tison & Carter, was mixed with their money and assets, and treated as their own; that Carter knew they were such trust funds and used in the general business of the firm; that $1,023.23 went into the hands of Warwick, the assignee; that J. A. Lipsey owed Tison & Carter, at the time of the assignment, $298.53, and Tison & Carter owed him $1,048.51. A decree was entered up for the difference between these amounts, being $749.99 against Carter, and also against the assets in the hands of the assignee.

The defendants made a motion for a new trial:

(1.) Because the court erred in overruling the demurrer to the bill.—This having been disposed of in a former part of the opinion, need not be again referred to on the motion for a new trial.

(2.) Because the court erred in not presenting the issues to the jury before the argument of counsel began, instead of presenting them after they had been concluded.

2. It is sufficient to say of this ground, that section 4206 of the Code and the seventh equity rule of practice settle this objection just as it was directed by the judge, and against the view taken by the plaintiff in error. Special verdicts of the facts only may be found by the jury, on the trial of chancery cases, when requested by counsel

before the beginning of the introduction of the evidence, and the presiding judge, when charging the jury, shall inform them what issues of fact are made by the pleadings in the cause. Before the passage of the act of 1876 on this subject, the issues made by the pleadings were all tried and passed on by the jury, as now, but summed up in a general verdict; and these, from the number involved, often greatly confused the jury and made them return verdicts unsatisfactory to the chancellor, applicable only to part of the case, and frequently the result of a compromise of the special and material facts, to reach a general finding. By this act a change is made, only to the extent of changing the finding from a general verdict on all the issues made by the pleading, to a special verdict on each issue separately, and which greatly aids both chancellor and jury in the proper adjudication of the rights of the parties.

3. The next ground of the motion for a new trial is that the judge erred in refusing to allow defendant's counsel to prove that J. P. Tison was one of the commissioners to build a court-house in Lee county in 1871–2, and that he kept the account of the commissioners on the books of G. M. Stokes, for whom he was then a clerk. There was no possible connection between such a fact and the issues tried in this case.

4. The remaining grounds of the motion for a new trial are that the findings of the jury, on the several issues submitted to them, are contrary to evidence, against the weight of evidence, and without evidence to support them. Whilst the evidence affords ground for argument and discussion between the parties, as to whether or not it authorized the verdict rendered on each issue, yet it cannot be justly claimed that they are either against the evidence, or without the evidence to support them.

That Tison had the property, and received the money belonging to the wards, was clear. And it was admitted by defendants' counsel that the extracts of accounts offered

in evidence were true extracts from the books of Tison & Carter. From these books of this firm it appears that $3,145.55 was received of the trust money, and that $2,122.32 was paid out for the wards, through the store, and principally in goods. Adding the testimony of Lipsey to this, we think the jury did not find contrary to the evidence, nor were they without evidence to authorize their findings.

Error is also assigned on the decree entered by the chancellor, because it is not authorized by the facts found by the jury, or the law applicable thereto; and further, because the claim has no privity, as stated, against Carter, the surviving partner, nor as against the assets of the firm that went into the hands of Warwick, as assignee, as the jury found that $1,023.23 went into his hands. It seems to us that the decree is a proper one to be made, under the pleadings and the facts as found by the jury. If the ruling which we have made on the demurrer is correct, we think that there is no error in the decree made. In so far as the finding of the jury is concerned, as to the amount of money that went into the assignee's hands, it was not meant that so many dollars in cash went, but that was the sum in his hands left, after deducting the amount which the deceased guardian had expended for the wards.

Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided, unless from necessity. Code, §3561.

Judgment affirmed.