[No. 3621.]

## HOPKINS ET AL. v. BURR & KNAPP.

1. TRUST FUND—LIABILITY OF TRUSTEE.

In order to subject a private estate of a defaulting trustee to the payment of the trust fund that has been by him wrongfully converted, it is not necessary to trace such funds into any particular property, but it must be clearly shown that it went into and was used for the benefit of such estate.

2. PRACTICE.

In the absence of the evidence from the record it will be presumed that it was sufficient to sustain the findings of the court.

*Error to the District Court of Arapahoe County.*

Messrs. ROGERS, CUTHBERT & ELLIS, for plaintiff in error.

Mr. FRANK L. WOODWARD, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

On May 15, 1893, William R. Mygatt made an assignment, for the benefit of his creditors, to plaintiff in error James F. Hopkins, as assignee. On August 25, 1893, Burr & Knapp, defendants in error, filed in the district court of Arapahoe county their petition, wherein they allege in substance that on March 6, 1893, they placed in Mygatt's hands (who was at that time doing business as a broker) one hundred shares of the capital stock of The Denver Consolidated Gas Company for sale; that afterwards, and on March 28, 1893, Mygatt sold said stock for the sum of $52.00 per share, and received therefor the sum of $5,200; which sum, less $26.00, the commission of Mygatt for making the sale, to wit: $5,174, was the property of petitioners, in which Mygatt had no interest, and that said sum constituted a trust fund, to which they alone were entitled. This sum he failed to

account for or turn over, but retained the same, and did not notify them of the sale of stock until May 5, 1893.    Allege an assignment by Mygatt of all his property, for the benefit of his creditors, to Hopkins, as assignee, and aver that said sum of $5,174, being the property of petitioners as aforesaid, was deposited by the said Mygatt to the credit of his general deposit in bank and was not paid to petitioners as it should have been prior to the making of said general assignment, and that the assigned estate in the hands of said assignee has received and still retains the benefit of said $5,174.

On the same day the petitioners, the assignee and Mygatt, appearing by their respective attorneys, a hearing was had on said petition.    Upon the evidence introduced the court found that the allegations of the petition were true, and ordered the assignee to pay petitioners, out of the first money coming into his hands, the said sum with interest.    On October 31, 1894, The National Bank of Commerce, James Leonard and John C. Montgomery, the other plaintiffs in error, filed their petition asking that the foregoing order be set aside.    The assignee Hopkins appeared, and filed his answer to this petition, but no notice thereof was ever legally served upon the defendants in error, and no further proceedings were had thereon in the court below.    On March 18, 1895, by order of the court the assignee was authorized to sue out this writ of error.

Upon the filing of the record in this court, counsel for defendants in error interposed a motion to strike out all that portion which purports to be a transcript of the proceedings had subsequent to the entry of the original judgment, which motion was overruled.    But, upon a further investigation, we are led to a different conclusion, and are satisfied that these proceedings in no way affect the original judgment, and are not properly a part of the record.    If, after the time that had elapsed since its rendition, the judgment could be assailed in the manner attempted, and for the reason set forth by plaintiffs in error in their petition, it was certainly incum-

bent on them to prove the facts relied on, and have the question determined by the court below. As the matter now stands, the right to the relief sought has been neither affirmed nor denied. The only question, therefore, presented by the record properly before us is, whether the averments in the original petition are sufficient to admit of proof that the money of defendants in error was held by Mygatt in trust, and that the same passed in some form to Hopkins, under the assignment. We think they are sufficient to admit of evidence in support of both propositions. Under the circumstances alleged, the money certainly constituted a trust fund in the hands of Mygatt; and under the allegation that " the assigned estate in the hands of said assignee has received and retained the benefit thereof " it was permissible to show that either the money or the property purchased with it passed to the assignee, or that the fund or its equivalent had in some way gone into and benefited the assigned estate; and thus establish the ultimate fact as alleged.

The circumstances under which equity will follow and reclaim a trust fund that has been wrongfully converted by a trustee, have been stated in former decisions of this court and of the court of appeals. *McClure v. La Plata County*, 19 Colo. 122; *Holden, Adm'r, v. Piper, Assignee*, 5 Colo. Ct. App. 71.

In *McClure v. La Plata County*, it is said:

" That in order to subject a private estate of a defaulting trustee to the payment of the trust fund that has been by him wrongfully converted, while it is not necessary to trace such funds into any particular property, it must be clearly shown that it went into, and was used for the benefit of such estate."

Under the averments of this petition, as we have seen, evidence was admissible to show that the trust fund was so used as to bring the case within this rule; and in the absence of the evidence from the record, it is to be presumed that such evidence was introduced, and that the court below correctly found that it sustained the truth of the averments. The judgment of the court below must therefore be affirmed.

*Affirmed.*