MILLER & CO. *v.* GIBBS, admx., *et al.; et vice versa.*

1. A petition prayed for injunction, receiver, and other equitable relief. An injunction was granted, and a receiver was appointed. To this judgment no exception was taken. The cause was referred to an auditor, who made his report, to which exceptions of law and fact were filed by certain of the parties. Miller & Co., parties to the cause, moved to dismiss these exceptions of law and fact. The trial judge overruled this motion, and sustained certain of the exceptions of law.

Appeal and Error 3 C. J. p. 448, n. 93 New; p. 449, n. 94; p. 461, n. 57; 4 C. J. p. 82, n. 61; p. 247, n. 24; p. 570, n. 93; p. 950, n. 67.

References 34 Cyc. p. 863, n. 2.

Trusts 39 Cyc. p. 528, n. 62; p. 530, n. 79; p. 531, n. 86; p. 537, n. 20; p. 551, n. 92; p. 555, n. 4.

Miller & Co. excepted pendente lite to each of these rulings and assign error thereon in their final bill of exceptions in this case. On March 14, 1925, a final decree was rendered. To portions of this decree Miller & Co. excepted. Defendants in error moved to dismiss the writ of error, on the ground that it was upon a fast bill of exceptions, and was not sued out within twenty days from the date of the judgment complained of. *Held:* A fast bill of exceptions lies to a judgment granting or refusing an interlocutory injunction or the appointment of a receiver. Civil Code (1910), § 6153. *Watterson* v. *Stubbs*, 135 *Ga.* 368 (69 S. E. 487); *Bradley* v. *Lithonia &c. R. Co.*, 141 *Ga.* 741 (82 S. E. 138); *Williamson* v. *Anderson Cotton Co.*, 146 *Ga.* 503 (91 S. E. 553). It is not sought to review such a judgment in this case, but the writ of error is on a regular bill of exceptions, sued out under § 6152 of the Civil Code, to review a final decree and certain interlocutory rulings, and was properly sued out within thirty days from the date of the judgment complained of. It follows that the motion to dismiss on this ground must be denied. ·

2. The defendants in error moved to dismiss the bill of exceptions in this case, on the ground that it did not except to a final judgment. *Held*, that a decree may be final in its determination of all issues of law and fact, and interlocutory as to its mode of execution. *Moody* v. *Muscogee Mfg. Co.*, 134 *Ga.* 721 (68 S. E. 604, 20 Ann. Cas. 301); *Capital City Tobacco Co.* v. *Anderson*, 138 *Ga.* 667 (75 S. E. 1040); *Mass. Bonding & Insurance Co.* v. *Realty Trust Co.*, 139 *Ga.* 180 (77 S. E. 86.) Under the above principle, the decree in this case was a final one, to which a direct bill of exceptions could be sued out under the Civil Code, § 6138.

3. On October 4, 1924, the trial judge overruled certain exceptions of law and all exceptions of fact to the auditor's report, filed by Gibbs and others. No exceptions pendente lite were taken to this ruling. On March 14, 1925, a final decree was rendered. On April 11, 1925, plaintiffs sued out their bill of exceptions to review a portion of said decree and certain interlocutory rulings which had been properly preserved by exceptions pendente lite. On May 13, 1925, Gibbs et al. filed their cross-bill of exceptions to review only the judgment overruling their exceptions to the report of the auditor. *Held*, that the cross-bill of exceptions, brought solely to review interlocutory rulings, to which no exceptions pendente lite were filed within the time prescribed by law, was sued out too late, and must be dismissed for want of jurisdiction in this court to entertain it. Civil Code (1910), §§ 6138, 6139, 6154; *Cutts* v. *Scandrett*, 108 *Ga.* 620 (34 S. E. 186).

4. Frances M. Gibbs as administratrix of Agnes L. Malcom, and D. W. Malcom, administrator of B. H. Malcom, filed exceptions of fact and law to the report of the auditor. Miller & Co. moved to dismiss all of these exceptions, upon the ground that they were insufficient in law, in that they were dependent for their decision upon the evidence adduced before the auditor, and that said excepting parties had failed to point out by appropriate reference to the brief of evidence, or to attach as exhibits to their exceptions, the portions of the evidence relied on to support their said exceptions. The trial judge overruled this motion, and to this judgment Miller & Co. excepted. Afterward the judge overruled all of the

exceptions of law and fact filed by these parties, save exceptions of law Nos. 7 and 10 filed by the administratrix. *Held:*

(a) The neglect of a party excepting to an auditor's report on matters of fact, or matters of law dependent for their decision upon the evidence, to point out by appropriate reference to the auditor's brief of the evidence, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, renders the report of the auditor of little or no·assistance to the court, and is a sufficient reason in an equity case for refusing to approve the exceptions of fact, and for overruling the exceptions of law. *Butler* v. *Ga. & Ala. Ry.*, 119 *Ga.* 959 (47 S. E. 320); *Perkins* v. *Castleberry*, 122 *Ga.* 294 (50 S. E. 107); *Armstrong* v. *Winter*, 122 *Ga.* 869 (50 S. E. 997); *Orr* v. *Cooledge*, 125 *Ga.* 496 (54 S. E. 618); *Smith* v. *Wilkinson*, 143 *Ga.* 741 (85 S. E. 875); *Armstrong* v. *American National Bank*, 149 *Ga.* 165 (99 S. E. 884); *Faucett* v. *Rogers*, 152 *Ga.* 168, 172 (108 S. E. 798).

(b) A motion to dismiss all exceptions of law and fact, on the ground that the exceptor had not complied with the above requirement, was properly overruled where some of the exceptions were not subject to such infirmity; and where, after the judge had refused to dismiss said exceptions upon the ground urged, he overruled and disallowed all of the exceptions not complying with the above requirements, error, if error had been committed in refusing to dismiss them, was rendered harmless as to all of such exceptions as were overruled and disallowed.

(c) The exceptions so disallowed and overruled embraced all of the exceptions save exceptions of law Nos. 7 and 10; and as these exceptions were not dependent for their decision upon matters of fact not embraced therein, the court below did not err in overruling the motion to strike them upon the ground that they were defective and insufficient.

5. Where an administrator misapplied assets of the estate of his intestate, by wrongfully turning them over to a firm of which he was a member, to be used in the firm business, such funds being mingled with the funds of the firm and used in its business until the death of the administrator, and where after the death of the administrator the surviving partner conducted the partnership business until it became insolvent and was placed in the hands of a receiver in a proceeding to wind up the partnership and distribute its assets among its creditors, a trust in equity will be impressed upon the partnership assets in favor of the beneficiary, if such trust funds remained among the assets of the firm at the time the firm's property was put in the hands of a receiver.

6. When an administrator deposits with, or lends to, a firm of which he is a partner the funds of the estate which he represents, and the same are mingled with the funds of the firm and used in its business, upon the dissolution of the firm by the death of such partner (the administrator) the beneficiary of the trust fund. thus misapplied has a lien upon the assets of the firm in the hands of the surviving partner, superior to those of the firm's unsecured creditors.

Nos. 4873, 4890. FEBRUARY 10, 1926.

Equitable petition. Before Judge Park. Morgan superior court. March 14, 1925.

J. S. Malcom, as surviving partner of the firm of B. H. Malcom & Brother, a copartnership composed of B. H. Malcom and J. S. Malcom (B. H. Malcom being dead), brought his petition against several defendants, for the purpose of marshaling the assets of the firm of B. H. Malcom & Brother, asking that all parties interested come into court and set up their respective claims and demands against that firm. Mrs. Frances M. Gibbs, as administratrix de bonis non of the estate of Mrs. Agnes· L. Malcom, deceased, wife of B. H. Malcom, one of the members of the firm of B. H. Malcom & Brother, set up (among other claims about which there are no contentions here) the following claim against the firm of B. H. Malcom & Brother: "That among the assets which came into the hands of Barnett H. Malcom as administrator of the estate of said Mrs. Agnes L. Malcom, there was the sum of $5,019.00 received by him on April 19, 1913, from the Penn Mutual Life Insurance Company, the same being the proceeds of a life-insurance policy collected by him upon the life of his said intestate, Mrs. Agnes L. Malcom, which said money the said Barnett H. Malcom, with the knowledge and consent of J. S. Malcom, then and there deposited and placed with the said partnership of B. H. Malcom & Brother, to be used in said business, to wit, the business of the partnership of B. H. Malcom & Brother, and said funds were used in said partnership business by said partnership with the knowledge on the part of both partners that said fund belonged to the estate of the said Mrs. Agnes L. Malcom, and said funds were then and there used by said partnership for partnership purposes and for the purpose of buying property for said partnership, and said funds went into and became a part of the partnership assets and increased the partnership estate by this amount, and at the death of the said Barnett H. Malcom said partnership estate, thus increased in obtaining the funds above described, went into the hands of the said J. S. Malcom, surviving partner of said estate, and are now in his hands as said surviving partner; and such surviving partner, with knowledge of the original character of said funds and of the increase of the estate of said partnership which had been made by the accession

of said fund, took the same into his own hands and continued the business as surviving partner of said firm. And this defendant shows, by reason of these facts, that the assets of said partnership have become and are impressed with the trust in favor of this defendant as administratrix aforesaid of the estate of Mrs. Agnes L. Malcom, for the amount of said proceeds of said insurance policy. And this defendant prays that this claim may be established and declared to be a trust debt, and the assets of said partnership be adjudged to be impressed with such trust, and that said claim be decreed to be paid in preference to other unsecured claims."

The auditor in this case found as a matter of law the following judgment: "That the said Mrs. Frances M. Gibbs, as administratrix de bonis non of Mrs. Agnes L. Malcom, recover of D. W. Malcom, as administrator of B. H. Malcom, the sum of $5019.00 principal, $587.50 interest to date, future interest at seven per cent per annum; and that if said administratrix be not able to recover the entire amount from the estate of B. H. Malcom, then she may recover the balance as against the firm assets and J. S. Malcom." The auditor further found as a matter of law: "Mrs. Frances M. Gibbs, as administratrix de bonis non of Mrs. Agnes L. Malcom, shall first be required to exhaust the assets of the estate of B. H. Malcom, administrator, to the payment of her claim of $5,019.00 insurance money deposited with or loaned to the firm of B. H. Malcom & Brother, as administrator of Mrs. Agnes L. Malcom, because her claim on this fund is of higher rank as against the estate of B. H. Malcom than as against the firm assets, and is of higher rank than the claim of other firm creditors against B. H. Malcom." Mrs. Frances M. Gibbs, as administratrix de bonis non of the estate of Mrs. Agnes L. Malcom, and D. W. Malcom, as administrator of the estate of B. H. Malcom, filed their exceptions to the auditor's report as above set out.

On March 14, 1925, the presiding judge entered up a final decree whereby it was ordered that the report of said auditor stand affirmed and be made the decree of the court, except with respect to the finding in connection with the claim of Mrs. Frances M. Gibbs, as administratrix de bonis non of the estate of Mrs. Agnes L. Malcom, for the principal sum of $5019.00, besides

interest. In lieu of the finding made by the auditor with re-spect to that item, it was adjudged and decreed that Mrs. Fran-ces M. Gibbs as administratrix have and recover of D. W. Mal-com, as administrator of B. H. Malcom, the sum of $5019.00 principal, with interest thereon at the rate of seven per cent. per annum from February 19, 1913, and in satisfaction of the recovery for said sums of money the individual assets of B. H. Malcom be first exhausted, and that after said individual as-sets have been exhausted any deficiency remaining unpaid be re-covered of the firm assets of B. H. Malcom & Brother, and that any residue remaining unpaid be satisfied in full out of the pro-ceeds arising from the sale of said firm assets before there should be a division among the unsecured creditors of said partnership of B. H. Malcom & Brother, and of J. S. Malcom, surviving partner of B. H. Malcom & Brother. To this judgment Mil-ler & Company excepted.

B. H. Malcom died on June 19, 1920. On November 26, 1920, J. S. Malcom, the surviving partner, and D. W. Malcom, administrator of B. H. Malcom, deceased, executed and delivered to Miller & Company their deed to certain described real estate, the property of B. H. Malcom & Brother, to secure the sum of $30,000, evidenced by three promissory notes for the respective sums of $5,000, $10,000, and $15,000, with eight per cent. in-terest from maturity, one note dated Nov. 4, 1920, due sixty days after date, one dated Nov. 8, 1920, due ninety days after date, and one dated No. 10, 1920, due sixty days after date. These notes were signed by B. H. Malcom & Brother. This deed was made to secure any and all renewals of said notes, as well as any other indebtedness due by B. H. Malcom & Brother to Miller & Company. In their answer Miller & Company prayed that they have judgment against the firm of B. H. Malcom & Brother, J. S. Malcom as surviving partner of said firm, D. W. Malcom as administrator of B. H. Malcom, and J. S. Malcom in-dividually; and that said judgment be a general lien upon all of the property of said defendants, and a special lien against the tract of land described in said security deed. They claimed that the partnership was indebted to them in the sum of $38,012.67; that at the time of the death of B. H. Malcom said firm was in-debted to them in the sum of $52,000; that at that time Malcom

& Brother had on deposit with them 356 bales of cotton as security for this indebtedness; that after the death of B. H. Malcom the indebtedness was increased approximately $50,000, but the company received from the surviving partner 376 bales of cotton from the crop of 1920 as security for said indebtedness; that all the cotton was sold by the direction of the surviving partner and the administrator of the deceased partner, and the proceeds credited on the account of notes representing said indebtedness. The administratrix of Agnes L. Malcom and the administrator of B. H. Malcom contended that the surviving partner of the firm had no authority to give notes to Miller & Company for the indebtedness due to them by B. H. Malcom & Brother, that the surviving partner was without authority to execute said security deed to Miller & Company upon the real estate of his firm, and that Miller & Company acquired no superior lien upon the property embraced in said security deed over the general creditors of B. H. Malcom & Brother. The auditor found against this contention. He made the following findings of law upon this subject:

"A surviving partner has power to prefer firm creditors in the payment of firm debts out of the firm assets, and may sell firm assets for such purpose, or deposit the same as security with the firm creditors, or may mortgage or convey by loan deed the real estate of the firm as security for firm debts, and the grantee may compel the heirs of the deceased partner to convey the legal title. Generally a surviving partner, whether the firm be solvent or insolvent, may use partnership assets for the satisfaction of partnership debts in as full a manner as an individual may pay or secure his own debts or his individual property, provided always that he act in good faith toward the representative of the deceased partner. The surviving partner is primarily liable, and the estate of the deceased partner is liable only as a surety for partnership debts, and any change in the partnership obligations made by the surviving partner releases the estate of the deceased partner from liability, whether made with the consent of the administrator or not, when the creditor elects to bring the action on the obligation as changed. An administrator of a deceased partner is not individually liable for the firm debts, though he may join with the surviving partner in the execution of the deed to secure such debts. Judgment in favor of Miller & Company against the firm assets, and

especially against the land described in their loan deed, and against J. S. Malcom, for the sum of $38,102.67 principal, and $10,259.57 interest to this date, with future interest at 8% per annum; also for $31.20 principal, and $3.08 interest, with future interest at 7% per annum." To these findings the administratrix of Agnes L. Malcom excepted. The trial judge overruled her exceptions, and on this judgment she assigned error. The 10th exception of this administratrix to findings of law by the auditor is as follows: "The finding of the auditor as set out in paragraph 13, page 32, of the report is excepted to. Said finding of the auditor is in the following language: 'Mrs. Frances M. Gibbs, as administratrix de bonis non of Mrs. Agnes L. Malcom, shall first be required to exhaust the assets of the estate of B. H. Malcom in the hands of D. W. Malcom, administrator, to the payment of her claim for $5019.00 insurance money, deposited with or loaned to the firm by B. H. Malcom as administrator of Mrs. Agnes L. Malcom, because her claim on this fund is of higher rank as against the estate of B. H. Malcom than as against the firm assets, and is of higher rank than the claims of other firm creditors against the estate of B. H. Malcom.' These exceptors say that under the undisputed evidence the claim of Frances M. Gibbs, as administratrix of the the estate of Agnes L. Malcom, is of exactly the same dignity as against the estate of B. H. Malcom and the firm of B. H. Malcom and Brother, for the reason that under the undisputed evidence the said insurance money, $5019.00, was taken possession of by B. H. Malcom after the death of the said Agnes L. Malcom, and immediately converted by B. H. Malcom and Brother to the use of said partnership; and that therefore both B. H. Malcom and Brother and the estate of B. H. Malcom are liable to the representative of the estate of the said Agnes L. Malcom as joint tort-feasors." The court sustained this exception, and Miller & Company excepted to that ruling. They likewise excepted to the over-ruling of their motion to dismiss all of the exceptions of law and fact filed by the administrators to findings of law and of fact by the auditor, on the grounds set out in the 3d headnote.

The administrators filed five exceptions of fact. The first, second, and fifth of these exceptions were based upon the ground that the preponderance of evidence required different findings. The third and fourth of these exceptions were on the ground that the

findings of fact by the auditor were contrary to the uncontradicted evidence. The exceptors failed in these grounds to point out by proper reference to the brief of evidence, or to attach as exhibits to their exceptions, the portions of evidence relied on to support their said exceptions. The trial judge overruled these exceptions. and the administrators excepted.

*E. R. Lambert, Green & Michael, and Erwin, Erwin & Nix,* for plaintiff in error in main bill of exceptions.

*Allen & Pottle, A. G. Foster, Anderson & Wood, E. W. Butler, T. H. Burruss, Walter Merrill, Orrin Roberts, G. P. Whitman,* and *J. S. Grant,* contra.

HINES, J. (After stating the foregoing facts.)

1. There are but two questions presented for decision in the main bill of exceptions in this case. One is, whether the trial judge erred in refusing to dismiss the exceptions of law and fact filed by the administratrix of Agnes L. Malcom, and the administrator of B. H. Malcom, to certain findings of law and fact made by the auditor. The trial judge did not err in refusing to dismiss these exceptions, under the propositions laid down in headnote 3 preceding this opinion.

2. The other and more serious question for decision is whether the claim of the administratrix of Agnes L. Malcom is entitled to priority of payment out of the assets of the firm of B. H. Malcom & Brother, over the general creditors of that firm. In 1913 B. H. Malcom as administrator of his wife, Agnes L. Malcom, collected a policy of insurance on her life, payable to her estate. The proceeds of this policy, amounting to $5,019, were deposited with the firm of B. H. Malcom & Brother, of which the administrator was a member, and were used by the firm in the conduct of its business. The administrator died in 1920. The business of the firm was continued by the surviving partner until December 1922, when the latter filed the present petition to marshal the assets of the firm, on the ground of its insolvency. In this proceeding the administratrix de bonis non of Agnes L. Malcom seeks to trace this fund into the general assets of the firm, and to have the assets of the firm impressed with a trust for its payment, in preference to the unsecured creditors of the firm. The auditor found that the administratrix had failed to trace this fund into any par-

ticular fund or property of the partnership, and that for this reason she was not entitled to priority of payment out of the firm assets over the unsecured creditors of the firm. The trial judge held, that, if this fund went into the assets of the firm and remained there until the assets of the firm were put into the hands of the receiver, she was entitled to such priority.

In a case where trust assets are misapplied and can be traced into the hands of a person affected with notice of the misapplication, the trust attaches still to the assets, and equity will aid in restoring them to their legitimate purpose. Civil Code (1910), § 3785. The beneficiary of a trust may always follow the trust funds wherever they can be traced. *Johnston* v. *Janes,* 48 *Ga.* 554; *Gray* v. *Perry,* 51 *Ga.* 180; *Morgan* v. *Marshall,* 62 *Ga.* 401; *Planters' Bank* v. *Prater,* 64 *Ga.* 609; *Chamblee* v. *Atlanta Brewing &c. Co.,* 131 *Ga.* 554, 557 (62 S. E. 1032). The right to trace trust funds is undeniable, and is undisputed. The method of tracing them is in dispute. What essential factors must exist before a beneficiary can successfully trace misapplied trust funds? Is it essential that the funds remain in the form in which they existed when the misapplication took place; or, if such form is changed, is it necessary, before they can be traced, to show that they exist in some specific fund or property? Let us put the concrete case involved in this litigation. If an administrator wrongfully turns over assets of his intestate to a firm of which he is a partner, and the same are used in the business of the firm and mingled with its assets, in which shape they remain until his death, when a surviving partner becomes possessed of the firm assets and conducts the partnership business until the firm becomes insolvent, will a court of equity impress upon the firm assets a trust in favor of the beneficiary, to the extent of the trust funds so invested in the business, if such funds remain among the general assets of the firm when taken over by the receiver appointed in a proceeding to wind up the firm's business?

Under the ancient rule on this subject, the equitable right to follow and recover property misapplied by one holding it in trust for another depended upon the ability of the owner to identify it in the form in which it existed when misapplied. This rule was subsequently so extended that the equitable right would attach to whatever was obtained in exchange for the property or its

proceeds. *Ober & Sons Co.* v. *Cochran,* 118 *Ga.* 396 (45 S. E. 382, 98 Am. St. R. 118). It is not, however, indispensably necessary for the beneficiary, in order to trace trust funds, to show that they have been invested in specific property by the trustee or the person aiding the trustee in the misapplication of the funds. If it be shown that the trust property or its proceeds have gone directly into the estate of the trustee or the person misapplying the trust funds, that the trust property or its proceeds are found to reside in the assets of such trustee or person at the time when the claim is asserted, and that the same have not been expended or dissipated for any purpose in the business of the trustee or of such person, then equity will impress the estate of the trustee or such person with a trust in favor of the beneficiary of the trust property, to the extent of the trust funds so misappropriated. It is well settled that, in order that a trust fund or trust property which has been misapplied or wrongfully dissipated may be followed in equity and the trust enforced as against the trustee or one who has acquired the property with knowledge of its character, it is necessary that it should be clearly traced and identified either in its original or substituted form. If the trust funds are put in a specific fund or in specific property, such fund or property will be impressed with a trust in favor of the beneficiary of the misapplied funds; and the latter can recover such fund or property, or enforce a lien thereon for his funds so wrongfully used and misapplied. This principle was recognized and enforced in the case of *Carter* v. *Lipsey,* 70 *Ga.* 417. In that case a guardian turned over to a firm, of which he was a member, the assets of his ward. The guardian died, and the business of the partnership was conducted by the surviving partner. The surviving partner afterwards made an assignment for the benefit of creditors. The jury returned a special verdict finding the facts. This special finding showed the amount of the funds of the ward which went into the partnership, the amount of these funds that went into the hands of the surviving partner, and the amount of these funds embraced in the deed of assignment made by the surviving partner for the benefit of the creditors of the firm. Under these circumstances this court held that the ward was entitled to recover from the assignee the amount of this fund which was embraced in the deed of assignment, in preference to the creditors of the

firm. This is in accordance with the principle which we have announced above. In *Ober & Sons Co.* v. *Cochran,* supra, there is nothing to the contrary of what we have ruled above. In that case Mr. Presiding Justice Fish used some language which at first blush might seem to conflict with our ruling in this case. That language is: "In order to recover a trust fund which has been misapplied by the trustee or person holding it in a fiduciary character, it must be clearly identified or distinctly traced into the property, fund, or chose in action which is to be made subject to replace it." This does not mean that the trust fund can not be traced into the general property or funds of such trustee or person holding it in a fiduciary capacity. If the funds can be traced into the general property or funds of such trustee or person, the trust will be enforced. *Carter* v. *Lipsey,* supra; Slater *v.* Oriental Mills, 18 R. I. 353 (27 Atl. 443) ; Bradley *v.* Chesebrough, 111 Iowa, 126 (82 N. W. 472) ; Hopkins *v.* Burr, 24 Colo. 502 (65 Am. St. R. 238, 52 Pac. 670) ; Pearson *v.* Haydel, 90 Mo. App. 264; Lincoln *v.* Morrison, 64 Neb. 822 (57 L. R. A. 885, 90 N. W. 905) ; 26 R. C. L. 1355, § 219; Frelinghuysen *v.* Nugent, 36 Fed. 229, 239; National Bank *v.* Ins. Co., 104 U. S. 54, 67 (26 L. ed. 693) ; Peters *v.* Bain, 133 U. S. 670, 693 (10 Sup. Ct. 354, 33 L. ed. 696).

There are authorities which hold to the doctrine that there must be a specific fund or specific property into which the trust funds went, before such a trust will arise in favor of the owner of the misapplied trust funds. We see no good reason why, if trust funds are mingled with the general funds of a firm, and exist among the same when they go into the hands of a receiver, a trust will not be impressed upon such general funds to the extent of the trust funds remaining in the firm's general assets. In *Carter* v. *Lipsey,* supra, the decision was also put upon another ground; that is, that upon the death of the guardian our statute gave to the ward a priority of payment of the trust fund from the assets of the firm, in the hands of the surviving partner, over the unsecured creditors of the firm. This principle thus ruled is now binding. As an original proposition much can be said in favor of its soundness; and undoubtedly when the administrator turned over these assets of his intestate to his firm, the latter became a trustee for the beneficiaries thereof. This was so because "When-

ever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, can not enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled." Civil Code (1910), § 3780. The partnership thus becoming the trustee of this fund for the beneficiary, it became subject to all the liabilities of a trustee to the beneficiaries of the trust. "The estate of a trustee, dying chargeable with trust funds in hand, shall be appropriated first to the payment of such indebtedness, after the funeral expenses, in preference to all other liens and claims whatever." Civil Code (1910), § 3773. The same principle is again announced in § 3332. A partnership is dissolved by the death of one of the partners. § 3162. A dissolution of the partnership ends all the powers and rights growing out of the partnership to the partners, except for a general accounting and winding up of the business. § 3164. In other words, the dissolution of the firm is the death of the firm. The firm being a trustee of this trust fund, and thus becoming dead, our law fixes a lien upon its assets prior in dignity to the claims of its unsecured creditors. This is the logic upon which the decision in *Carter* v. *Lipsey,* supra, rests. Whether this logic is sound and impregnable, the decision in that case, that in these circumstances the beneficiary has a lien upon the firm assets superior to the claims of its unsecured creditors, is binding upon us. So we are of the opinion that the judge below did not err in his ruling upon this subject, and in holding that a trust was impressed upon the assets of the firm for the payment of this trust fund to the beneficiary, and that it should be paid prior to the claims of the unsecured creditors of the partnership.

*Judgment on the main bill of exceptions affirmed; cross-bill of exceptions dismissed. All the Justices concur, except Gilbert, J., disqualified.*