## BUTLER, STEVENS & COMPANY v. GEORGIA AND ALABAMA RAILWAY et al.

1. The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to point out by appropriate reference to the auditor's brief of evidence, or to attach as exhibits to his exceptions, those portions of the evidence relied on to support the exceptions, renders the report of the auditor of little or no assistance to the court, and is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law.
2. The provisions of the Civil Code, § 3546, are applicable only to planters and commission merchants.
(a) A planter, as used in that section, is one who is engaged in the business of producing crops from the soil; and it is immaterial whether he sows and reaps with his own hand, the hand of a tenant, the hand of a cropper, or the hand of a hired laborer.

(*b*) A planter may avail himself of the protection of the section above cited, in any cash sale of cotton which may be made by him, without reference to whether it was produced by him or acquired from another.

Argued February 2, — Decided March 31, 1904.

Exceptions to auditor's report.        Before Judge Littlejohn. Dooly superior court.    March 11, 1903.

*Adams & Adams* and *Travis & Edwards,* for plaintiff in error. *E. A. Hawkins, Lawton & Cunningham, W. R. Leaken, Guerry & Hall, T. M. Jelks, John I. Hall,* and *Whipple & McKenzie,* contra.

Cobb, J.    1. The Georgia and Alabama Railway brought a petition in the nature of a bill of interpleader against the Bank of Unadilla, Butler, Stevens & Company, and others, for the purpose of having the title to certain bales of cotton determined.    The case was referred to an auditor.   Butler, Stevens & Company filed exceptions, both of law and fact, to the auditor's report, and the judge overruled all of the exceptions.    Error is assigned upon this ruling, so far as it relates to eight exceptions, four classified as exceptions of law and four as exceptions of fact.    Three of the exceptions of fact complain that certain findings of the auditor are contrary to the evidence, and one complains that there was no finding of the auditor on a certain issue, it being contended that under the evidence the auditor ought to have made a finding in favor of Butler, Stevens & Company on this issue.    Three of the exceptions of law are dependent for their determination upon the evidence.    In no one of the seven exceptions just referred to is the evidence relied on to support the exception set forth, nor is reference made to the portion of the auditor's brief of the evidence in which such evidence may be found.  . It is not absolutely necessary that the exception shall set forth all of the evidence necessary to a decision of the question raised, but each exception should at least be accompanied with such a reference to the auditor's brief of evidence as will enable the judge to turn readily to those portions of the brief of evidence which should be examined in passing upon the exception.    The object of a reference to an auditor or master is to relieve the court of the labor of examining the mass of evidence, much of which is often irrelevant; and unless the foregoing rule is observed, the report of the auditor will be of little

assistance to the court. This rule is well established in chancery; and we know of no statute, decision, or rule of court in this State which has abolished or modified this salutary requirement. In Harding v. Handy, 11 Wheat. 103, it was held: "Exceptions to the report of a master are to be regarded by the court only so far as they are supported by the special statements of the master, or by a distinct reference to the particular portions of testimony on which the party excepting relies; the court does not investigate the items of an account, nor review the whole mass of testimony taken before the master." Mr. Chief Justice Marshall in the opinion says: "It may be observed generally that it is not the province of a court to investigate items of an account. The report of the master is received as true, when no exception is taken; and the exceptions are to be regarded so far only as they are supported by the special statements of the master, or by evidence, which ought to be brought before the court by a reference to the particular testimony on which the exceptant relies. Were it otherwise, were the court to look into the immense mass of testimony laid before the commissioner, the reference to him would be of little avail." See also Pearson v. Darrington, 32 Ala. 238; Jones v. Lamar, 39 Fed. 585; Farrar v. Bernheim, 74 Fed. 435; 17 Enc. P. & P. 1052. In Brown v. McKay, 51 Ill. App. 295, 299, Mr. Justice Waterman, in referring to exceptions of the character of those under consideration in the present case, says: "These exceptions require the court to search through the mass of evidence to determine if they are well taken. There is a neglect to point out what the evidence is upon the conclusions of the master, which the party disputes. Such a practice renders the report of the master of no assistance to the court, and is one which the court is under no obligation to tolerate." The failure of the excepting party to specify the places in the auditor's brief of evidence where the evidence could be found which was necessary to a decision of the questions raised by the exceptions above referred to was a sufficient reason for refusing to approve the exceptions of fact and overruling the exceptions of law. See *Hudson* v. *Hudson*, 119 *Ga.* 637.

2. There is an exception of law which raises the legal question as to who is a planter, within the meaning of the Civil Code, § 3546. As this exception is so framed that it can be determined by a mere reference to the auditor's report, and without

reference to the brief of evidence, it does not fall within the rule of practice above laid down, and is the only exception which can be properly considered.     J. G. Brown senior, Hodge & Eubanks, and J. W. Hodge each claims to be a planter, and to have sold a portion of the cotton in controversy to Jelks on cash sale, and that, under the provisions of the code section above referred to, he could assert his title against Butler, Stevens & Company, notwithstanding they were bona fide purchasers without notice from Jelks.     The auditor found that Brown was a farmer, and that the cotton sold by him to Jelks was raised by him on his own land; that Hodge & Eubanks acquired the cotton sold by them from their tenants in payment of rent and supplies furnished, except as to two bales, which were collected by them in their mercantile business, and that J. W. Hodge was a farmer, and the cotton sold by him to Jelks was raised on land owned by him, by tenants, who paid their rent and for their supplies with cotton raised by them on the rented premises.     The act of 1854, with the amendments made from time to time, is now embodied in the code section above mentioned, which is as follows:     " Cotton, corn, rice, crude turpentine, spirits turpentine, rosin, pitch, tar, or other products sold by planters and. commission merchants on cash sale, shall not be considered as the property of the buyer until fully paid for, although it may have been delivered to the buyer : *Provided*, that in cases where the whole or any part of the property has been delivered to the buyer, the right of the seller to collect the purchase-money shall not be affected by its subsequent loss or destruction."     The title of the act of 1854 was:     " An act for the protection in certain cases of Planters and Cotton Sellers within the State of Georgia."     Acts 1853–4, p. 56.     We do not think this act was intended to embrace all sellers of cotton, but that its scope was limited to those sellers embraced within the classes mentioned, viz., planters and commission merchants.     It was not passed for the benefit of all cotton sellers, but for the benefit only of those classes of sellers who answered the description of planters and commission merchants.     It has been held that one who answered to the description of commission merchant, and who made a sale of his own cotton, was entitled to avail himself of the protection that this act affords.     *National Bank* v. *Augusta Cotton Company*, 104 *Ga.* 403.     If a commission merchant selling

cotton is entitled to the protection of the act, whether he is selling on commission or not, it would seem that a planter is entitled to equal protection, whether he is selling cotton raised by himself or cotton acquired in any other way. It may be that the case just cited gave too liberal a construction to the act in favor of commission merchants; but, following the line of construction indicated by that decision, it inevitably results that a planter is entitled to the protection in any cash sale of cotton that he may make.

As we have reached the conclusion that all planters are entitled to the protection of this law in all cash sales of cotton made by them, it becomes necessary to determine who is a planter within the meaning of the act. In *Roberts* v. *Railway*, 75 *Ga.* 227, Mr. Chief Justice Jackson, in discussing this act, defined planters to be " those who plant something in the ground, or sow something therein, which produces fruit or increase from this planting and growing from the soil, such as cotton, corn, or rice." It is claimed that this language restricts the definition of planters to those who are themselves actually engaged in the cultivation of the soil; but we do not think the learned Chief Justice intended the words he used to have this narrow and restricted meaning. " Planter " is defined, by the Standard Dictionary, to be " one who plants; an owner of a plantation." By Webster, as " one who owns or cultivates a plantation." By the Century Dictionary, as " one who owns a plantation.' From these definitions we think the true meaning to be given to the word planter as used in the act is one who is engaged in the business of producing crops from the soil; and it is immaterial whether he sows and reaps with his own hand, with the hand of a tenant, the hand of a cropper, or the hand of a hired laborer. Under this view of the law, all of the parties above referred to were planters. All belong to one of the classes protected by the law under consideration; and belonging to these classes, they had a right to avail themselves of the protection afforded, not only as to sales of the crops made by them, but as to sales of any cotton which they owned.

*Judgment affirmed.*     *All the Justices concur.*