PERKINS *v.* CASTLEBERRY, administrator, *et al.*

The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to point out by appropriate reference to the auditor's brief of evidence, or to attach as exhibits to his exceptions, those portions of the evidence relied on to support the exceptions, renders the report of the auditor of little or no assistance to the court, and is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law.

Argued February 7, — Decided March 4, 1905.

Exception to auditor's report.    Before Judge Lumpkin.    Fulton superior court.    June 24, 1904.

The exception to the auditor's report was classified as an exception of law, and was in these words: "The auditor erred in finding the following judgment, to wit: 'The master further finds that the plaintiff would be entitled to a verdict and judgment for said sums against Zach. T. Castleberry as administrator of the estate of M. T. Castleberry, late of said county, deceased, security on the bond of the defendant Crawford, to be made only de bonis testatoris, but under the proof submitted the master reports that the plaintiff by his own laches is not entitled to pursue the estate distributed.'    (1) Because said judgment is contrary to law, is contrary to the evidence, and that there are no evidence or law authorizing any such judgment as the one rendered above mentioned; for under the evidence and the law the judgment should have been against Zach. T. Castleberry as administrator of M. T. Castleberry, deceased, de bonis testatoris."

*W. I. Heyward,* for plaintiff.
*Rosser & Brandon,* for defendants.

COBB, J.    This was an equity case.    The exception was classified as an exception of law.    It is by no means clear that this was a correct classification, and possibly this was a sufficient reason to strike the exception.    *Tippin* v. *Perry,* 122 *Ga.* 120. But without reference to this question, and whether the exception be treated as an exception of law or as an exception of fact, it was insufficient; for in either case the determination of the question raised was dependent upon the evidence in the case, and the exception failed to point out those portions of the evidence that were necessary to a determination of the question.

*Butler* v. *Railway Co.*, 119 *Ga.* 959; *Weldon* v. *Hudson*, 120 *Ga.* 702. The case of *Anderson* v. *Blair*, 121 *Ga.* 120, was not an equity case. No sufficient reason has been shown for reversing the judgment.

<em>Judgment affirmed. All the Justices concur.</em>