### ARMSTRONG *et al. v.* WINTER *et al.*

FISH, P. J.   1. "In view of the complicated character of cases generally referred to auditors, and the length of the resulting record, there are specially strong reasons for requiring the strictest compliance with the provisions of the statute that all exceptions shall clearly and distinctly specify the errors complained of." "The exception should contain all facts and rulings

necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find error." *Hudson* v. *Hudson*, 119 *Ga.* 637. " These exceptions ought not to refer the court from one part of the record to another to discover what was ruled, and to other and various parts of the record to search for evidence relating to that particular point, but the exception should be complete in itself.          It should state what was the ruling complained of, the evidence on that point, and state of what and wherein the error consisted." *Weldon* v. *Hudson*, 120 *Ga.* 699 ; *Green* v. *Valdosta Guano Co.*, 121 *Ga.* 134.

2. " The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to point out by appropriate reference to the auditor's brief of evidence, or to attach as exhibits to his exceptions, those portions of the evidence relied on to support the exceptions, renders the report of the auditor of little or no assistance to the court, and is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law." *Butler* v. *Ga. & Ala. Ry.*, 119 *Ga.* 959 ; *Anderson* v. *Blair*, 121 *Ga.* 120 ; *Perkins* v. *Castleberry*, 122 *Ga.* 294.

3. Applying the rules above announced to the exceptions to the auditor's report in the present case, it being an equity case, the trial judge manifestly did not err in refusing to approve the exceptions of fact and in overruling the exceptions of law.

*Judgment affirmed.     All the Justices concur, except Candler, J., absent.*

Argued April 14, — Decided May 12, 1905.

Exceptions to auditor's report.     Before Judge Holden.     Wilkes superior court.     November 14, 1904.

*F. H. Colley* and *W. A. Slaton,* for plaintiffs in error. *Samuel H. Sibley,* contra.

---

NOTE.

Justice Candler took no part in the judgments rendered in the cases reported on pp. 680-870, on account of providential cause.