FIRST STATE BANK *v.* AVERA. *et al.*

1. It is incumbent upon a party excepting to the report of an auditor in an equity case, when the exceptions thereto involve a consideration of the evidence on which the auditor based his findings, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to attach thereto as an exhibit so much of the evidence as is pertinent, or to at least point out to the court where such evidence is to be found in the brief of the evidence prepared and filed by the auditor. The decision in the case of *White* v. *Reviere*, 57 *Ga.* 386, was made with reference to the procedure which obtained prior to the passage of the act of December 18, 1894, which outlines the practice now to be observed in excepting to an auditor's report in such cases.

2. A party may, after the hearing of a case before an auditor has been concluded but before he has made his report, so amend his pleadings as to make the same conform to the evidence admitted on the hearing without objection; but he can not, as a matter of right, then insist upon being afforded an opportunity to offer evidence to sustain an amendment which introduces new and distinct issues of fact. What was the character of the proffered amendment in the present case can not be determined without considering certain evidence which the party offering it claims was admitted without objection, and which is relied on as authorizing the amend-

ment so as to make the pleadings conform to the proof; and as such evidence is not set forth or pointed out in the exception taken to the refusal of the auditor to allow the amendment, the court below was not constrained to pass on the merits of the complaint made of its disallowance.

Argued May 19, — Decided August 2, 1905.

Exceptions to auditor's report. Before Judge Sheffield. Terrell superior court. May 24, 1904.

*H. A. Wilkinson* and *J. G. Parks,* for plaintiff in error.

*Haygood & Cutts, C. L. DeVaughn,* and *A. M. Raines,* contra.

EVANS, J. This was an equitable proceeding instituted by John D. Avera, in behalf of himself and as next friend of certain minors, against the First State Bank and J. W. Wooten. The case was referred to an auditor, who duly made his report. Exceptions both of law and of fact were filed by the First State Bank, but the court disallowed each and all of them, and the bank sued out a bill of exceptions to this court.

1. On the hearing here, counsel for the defendants in error called attention to the fact that the report of the evidence made by the auditor consisted of the questions and answers taken down by the stenographer, with no attempt to brief the testimony, and that in none of the exceptions filed to the auditor's report did the complaining party undertake to set forth the testimony bearing upon the particular conclusion of law or of fact excepted to, or attempt to point out such testimony in the report of the evidence filed by the auditor. To intelligently pass upon any given exception would, therefore, involve a close reading and scrutiny of all of that voluminous report. The exceptions serve no other office than to voice the general complaint of the bank that certain findings of the auditor were wrong, and no effort has been made to save the time and labor of the court and thus effectuate the object of the statute authorizing the submission to an auditor of cases of this nature. In *Hudson* v. *Hudson,* 119 *Ga.* 638, it was held that an exception to an auditor's report "should not be so incomplete as to force the court to search through the record to find error;" and in the later case of *Butler·* v. *Railway,* Id. 959, it was distinctly ruled that "The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the

evidence, to point out by appropriate reference to the auditor's brief of evidence, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, renders the report of the auditor of little or no assistance to the court, and is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law." This ruling was in accord with the equity practice which generally obtains elsewhere, and was followed in *Weldon* v. *Hudson,* 120 *Ga.* 699, *Perkins* v. *Castleberry,* 122 *Ga.* 294, and *Armstrong* v. *Winter,* 122 *Ga.* 869. Tested by these decisions, the exceptions to the auditor's report filed in the present case were fatally defective, and the judgment disallowing them should be upheld. But it is insisted that these decisions ignore and override that pronounced in the case of *White* v. *Reviere,* 57 *Ga.* 386, wherein this court held that "Exceptions to an auditor's report need not set forth any of the evidence" adduced on the hearing before him, "more especially where the auditor himself has reported all the evidence and thus made it part of the record." As the practice stood at the time that case was decided, it was not incumbent on the auditor nor was he to be expected to report the evidence; so no brief thereof could be referred to, as can now be done, the auditor now being required to "reduce to writing a brief of the oral and documentary evidence submitted by the parties." Civil Code, § 4585. The practice then was altogether different; for when exceptions were filed to the report of an auditor, the facts therein reported were taken as prima facie true and had to be overcome by evidence submitted by the excepting party to a jury, unless the record disclosed that evidence to rebut them 'was offered and illegally rejected; and the report was admitted on the trial as evidence of the truth of the recitals of fact therein made. *Camp* v. *Mayer,* 47 *Ga.* 414 421–2. It was not necessary, under the practice which then obtained, that the auditor " should append to his report the evidence on which it " was based. Ibid. 415 (9). His report, which was treated as prima facie evidence, was " not a report *of* the facts, but a report *on* facts; or, in other words, the result or conclusion which the auditor [drew] from the testimony before him." *Anderson* v. *Usher,* 59 *Ga.* 581. And " the burden was on the exceptor to show error in it, and to make

good his exceptions. When it was ordered filed, and leave and time were given to except thereto, it became such evidence." *Arthur* v. *Commissioners*, 67 *Ga.* 224. It was incumbent on the excepting party to satisfy the court that he had just cause of complaint; but this, it was held in 57 *Ga.*, he could do by specifically excepting to the conclusions reached by the auditor, without exhibiting to the court a brief of the testimony on which such conclusions were based; and his exceptions were treated as pleadings which had to be sustained by original evidence on a trial before a jury, in the event the court approved them as good upon their face.

This procedure, which was a departure from the English equity practice, no longer obtains. It has been superseded by an altogether different system, more in accord with the practice originally adopted by courts of equity, which was introduced by the act of December 18, 1894. Acts of 1894, pp. 123–126; Civil Code, §§ 4581–4601. The auditor must now report not only his conclusions, but the evidence upon which he based the same; and while his report is yet treated as prima facie true, the excepting party is at liberty to overcome this presumption of its correctness by directing the attention of the court, by way of proper exceptions, to the fact that the evidence reported by the auditor does not sustain his findings. If it be doubtful, when the testimony is meager or conflicting, whether a particular finding of fact was warranted, the court, in the exercise of a broad discretion, may order a jury trial on that or other similar issues; but the trial is to be had only upon such evidence as was adduced before the auditor, and such newly discovered evidence as could not have been procured and submitted on the hearing before him. That is to say, the rulings and findings of the auditor are merely brought under review by exceptions filed to his report, as would be the decisions and judgment of an inferior court of original jurisdiction; and "all exceptions shall clearly and distinctly specify the errors complained of," and not leave the court to seek errors to which its attention is not thereby specifically directed by proper reference to the report of the auditor and the brief of the evidence which the statute prescribes shall accompany it. The requirement that the auditor shall prepare and file a brief of the evidence is for the very purpose of enabling the excepting

party to sustain his exceptions by pointing out the fact that the conclusions reached by the auditor were not supported by the evidence submitted before him.. See 4 Cur. Law, 1261.

2. A hearing of the case was had before the auditor on February 3, 1904, and at the conclusion of the evidence counsel for the respective parties were granted the privilege of submitting written briefs on or before May 6. On May 10, after the hearing but before the auditor had made his report, an amendment to the answer of the defendants was presented to him by their counsel. He declined to allow this amendment, and exception to his refusal to do so is taken by the defendant bank. Under the Civil Code, § 4583, an auditor is authorized to allow amendments to pleadings; and he should allow any appropriate amendment submitted, after the hearing before him has been concluded and prior to his report. But the amending party is not entitled, as a matter of right, to offer evidence to sustain an amendment which introduces new and distinct issues of fact. No motion to reopen the case was made, and it was at least discretionary with the auditor whether or not he would afford the defendants an opportunity to present matters of defense for the first time set up in the proffered amendment. In so far as it merely adjusted the pleadings to the evidence which had been admitted on the hearing without objection, the amendment was timely and should have been allowed by the auditor. *Cureton* v. *Cureton,* 120 *Ga.* 560 (2), 566–7. Counsel for the bank insist this was the sole purpose and effect of the amendment offered. We can not, however, undertake to pass on this contention, as the exception taken to the refusal of the auditor to allow the amendment does not set forth or point out the testimony or documentary evidence, not covered by the original answer, upon which counsel rely as justifying its amendment so as to make the pleadings conform to the proof. The overruling of this exception is accordingly upheld.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Fish, P. J., disqualified.*