ARMSTRONG *v.* AMERICAN NATIONAL BANK OF MACON *et al.*

ATKINSON. J. 1. "The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the excep-

tions of law." *Smith* v. *Wilkinson,* 143 *Ga.* 741 (2) (85 S. E. 875); *First State Bank* v. *Avera,* 123 *Ga.* 598 (5) S. E. 665).

2. "In view of the complicated character of cases generally referred to auditors, and the length of the resulting record, there are specially strong reasons for requiring the strictest compliance with the provisions of the statute that all exceptions shall clearly and distinctly specify the errors complained of. The exception should contain all facts and rulings necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find error." *Hudson* v. *Hudson,* 119 *Ga.* 637 (10, 11), 638 (46 S. E. 874).

3. Applying the principles announced in the preceding notes, none of the exceptions to the report of the auditor, upon the overruling of which error was assigned in the bill of exceptions, were sufficient to raise any question for decision by this court.

4. The judgment based on the report of the auditor was adverse to the plaintiff in the trial court. Being an equity suit, it is a matter within the sound discretion of the judge upon whom shall fall the burden of paying all costs. Civil Code, § 5423, *Lowe* v. *Byrd,* 148 *Ga.* 388 (96 S. E. 1001). There was no abuse of discretion, under the facts of this case, in requiring the plaintiff to pay all of the costs.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*

Nos. 1189, 1194. JUNE 11, 1919. REHEARING DENIED JULY 29, 1919.

Exceptions to auditor's report. Before Judge Mathews. Bibb superior court. August 7, 1918.

*Feagin & Hancock,* for plaintiff. *Hardeman, Jones, Park & Johnston, Jordan & Lane,* and *Miller & Jones,* for defendants.