## BARNES *et al.* v. COMMERCIAL CREDIT COMPANY.

1. Barnes, Denny et al., being parties to the main suit, though residing in Richmond County, were subject to the jurisdiction of Fulton superior court. An objection on their part to the intervention of the Commercial Credit Company could not, therefore, be legally maintained, and the court properly overruled their plea to the jurisdiction of the court to entertain such intervention.

2. Barnes, Denny et al, moved to recommit the case to the auditor, which motion was overruled. It is the duty of the movant to point out error upon the part of the court, and in this the movants were not successful. No reason is shown why the case should have been recommitted. "An auditor may file with his report, as a brief of the oral evidence, the questions and answers of witnesses as transcribed from a stenographic

---

Appeal and Error 4 C. J. p. 491, n. 59.
Pleading 31 Cyc. p. 522, n. 44.
Reference 34 Cyc. pp. 843, n. 87; 863, n. 2; 882, n. 53, 54.

report of the case." *Linder* v. *Whitehead,* 125 *Ga.* 115 (53 S. E. 588);
*McCord* v. *City of Jackson,* 135 *Ga.* 176 (1 *b*) (69 S. E. 23).

3. "It is incumbent upon a party excepting to the report of an auditor in
an equity case, when the exceptions thereto involve a consideration of
the evidence on which the auditor based his findings, to set forth, in
connection with each exception of law or of fact, the evidence necessary
to be considered in passing thereon, or to attach thereto as an exhibit
so much of the evidence as is pertinent, or to at least point out to the
court where such evidence is to be found in the brief of the evidence
prepared and filed by the auditor." *First State Bank* v. *Avera,* 123 *Ga.*
598 (51 S. E. 665); *Armstrong* v. *American National Bank,* 149 *Ga.* 165
(99 S. E. 884), and cit.; *Jones* v. *Laramore,* 149 *Ga.* 826 (102 S. E.
526); *Faucett* 'v. *Rogers,* 152 *Ga.* 168, 172 (108 S. E. 798); *Board of
Lights & Waterworks* v. *Niller,* 155 *Ga.* 297 (116 S. E. 835). There was
no compliance whatever with the rule of law in such cases provided.

4. The record in this case, as it was in the case of *Denny* v. *Commercial
Credit Co.,* 157 *Ga.* 702 (121 S. E. 832), is sent up in a manner that has
caused much difficulty in weeding out superfluous matter. After pains-
taking investigation, this court is convinced that the foregoing rulings
cover all of the assignments of error made in the case; and no error
being shown, the judgment must be affirmed. The brief of plaintiffs in
error contains discussions of a wide range of matters, and the briefs on
the respective sides of the case are full of charges and countercharges of
misstatements and inaccuracies. A properly arranged record and a
clear understanding of the same should preclude this unfortunate situa-
tion.

No. 4907. JANUARY 16, 1926.

Equitable petition; intervention. Before Judge Bell. Fulton
superior court. February 7, 1925.

*Paul T. Chance* and *Key, McClelland & McClelland,* for plain-
tiffs in error.

*Rodney S. Cohen* and *Little, Powell, Smith & Goldstein,* contra.

GILBERT, J. Horace Peacock filed an equitable petition in Ful-
ton superior court, alleging that Liberty Marine Insurance Com-
pany, North Atlantic Insurance Company, and Jefferson Insurance
Company were insolvent, that among the creditors were a number
of policyholders in this State, and that said companies had on
deposit with the State treasurer bonds worth thirty thousand dol-
lars; and praying that a receiver be appointed to take charge of
said bonds, and that there be an accounting and settlement with
creditors. Previously a similar petition had been filed by Denny
et al. in the superior court of Richmond County, setting up sub-
stantially the same facts and praying for the same relief. These
two cases were consolidated. Hewitt W. Chambers was appointed
receiver, and took charge of the assets, including the aforesaid

bonds. An auditor was appointed, who, after hearing evidence, filed his report finding the amount due the various creditors; whereupon the receiver issued a number of checks for the payment of the several amounts, some of which were made payable to named persons who were parties to the suit jointly with Commercial Credit Company, the report showing that these creditors were in each instance indebted to that company, it being the purpose of the receiver to require the several checks to be jointly indorsed by Commercial Credit Co. and the policyholder, the policies having been assigned to that company as its interests might appear, and covering risks on automobiles purchased by the creditors from automobile dealers on credit, the amount due being represented by notes which were afterwards acquired by Commercial Credit Company. The policyholders failing to indorse these checks, Commercial Credit Company filed an intervention in the superior court of Fulton County, seeking an order from the court requiring the receiver to pay such intervenor the several amounts found to be due which it had not been able to obtain because of the refusal of the policyholders to indorse the checks. Upon the filing of this intervention Barnes, Denny et al., policyholders, filed a plea to the jurisdiction, based upon the contention that they were residents of Richmond County, and that the superior court of Fulton County had no jurisdiction of them. This plea was overruled, and error was assigned on that judgment, constituting the first assignment of error in the bill of exceptions.

Thereafter Barnes, Denny et al. filed a motion to recommit the case to the auditor, upon the grounds, that the auditor's report does not refer to or include, by exhibit or otherwise, the oral and documentary evidence adduced in the cause, nor any brief of the same, and particularly the evidence had upon the trial in connection with his several findings in favor of Commercial Credit Co. against Barnes et al.; that the auditor did not make a ruling upon the general demurrer filed by Barnes et al., the only reference made by him to the same being, "The general demurrer was overruled by the undersigned, Aug. 12, 1924;" that the report of the auditor disposed of the plea in abatement interposed by defendants, by making a mixed and mingled statement as to what the law is and the facts are, and referred therein to information and documents not introduced in evidence or properly before the court, and the

auditor ignored the documentary evidence of the defendants supporting their plea in abatement, to wit, a certified copy of the petition and order consolidating this case with a similar case in the superior court of Richmond County, and certified copy of the intervention of the Commercial Credit Company in the superior court of Richmond County; that the auditor failed to pass upon the question made by the plea in abatement that there was pending in Richmond superior court a cause based upon substantially the same facts and claims, and in which Commercial Credit Co. had appeared and was defending, and in which the same issues between the same parties had been raised as those in the present petition, and that the superior court of Richmond County had jurisdiction of the parties and subject-matter; and that on the trial "certain documents purporting to be copies of the original mortgages and notes executed by defendants to plaintiff" were admitted in evidence over the objection that the originals would be the best evidence. This motion being overruled, movants excepted, and this constitutes the second assignment of error in the bill of exceptions. Thereafter the judge overruled the exceptions of law, and disapproved the exceptions of fact to the auditor's report. The assignment of error on this judgment constitutes the third assignment of error in the bill of exceptions.

There is in the bill of exceptions a reference to the filing of a demurrer to the petition for intervention, and the fact that the court overruled the demurrer; and in connection with the assignment of error on the overruling of the plea to the jurisdiction the bill of exceptions recites that the court overruled the general demurrer, and that error was assigned. By reference to the brief of plaintiff in error it is ascertained that plaintiffs in error concede that the exception to the overruling of the demurrer, if such is intended in the bill of exceptions, comes too late. This brief recites (referring to the report of the auditor): "On page 2 he sought to dispose of defendant's general demurrer by reporting as follows: 'The general demurrer was overruled by the undersigned, August 12, 1924.' It will be observed that, though he says that the general demurrer of defendants was overruled by him August 12th, he did not report it until November 28th, thus precluding defendants from excepting thereto. As the record shows, however, this demurrer was previously passed upon by the presiding judge, and exceptions

taken pendente lite," and error is assigned on the exceptions pendente lite referred to. The grounds of the demurrer referred to, made subject to the plea to the jurisdiction, are, that the petition does not set forth a cause of action nor any basis or justification for the relief prayed. The order made by the court, and which was excepted to pendente lite, was as follows: "1. The objections and plea to the jurisdiction are hereby overruled. 2. The intervention is referred to the auditor, H. A. Woodward, Esq., with direction to hear all other issues of law and fact and report thereon at the earliest possible time." Thus it is seen that the court did not rule on the demurrer. The other branch of the case, that is, the branch which was instituted in Richmond County, came to this court and was decided. *Denny* v. *Commercial Credit Co.,* supra. It is clear from the statement of the case there made that the two proceedings were consolidated. There is no exception, in the case now before us, to the jurisdiction of the superior court of Fulton County to administer the assets of the insolvent insurance companies, or to control the acts and doings of the receiver and the auditor, or to distribute the assets among the creditors. It being conceded by plaintiffs in error that there was a consolidation of the two proceedings, although in the same connection it is insisted that the superior court of Richmond County, and not the superior court of Fulton County, retained jurisdiction, nevertheless it appears from the confused record that the superior court of Fulton County was actually proceeding to adjudicate the contentions between all of the parties in the case, and that its receiver actually had charge of the assets. There being such a consolidation, then all of the parties litigant in both branches became parties to the consolidated suit. The Commercial Credit Co. was a creditor, and under the adjudications of the auditor was entitled to receive a designated amount of the assets and which assets had not been paid to it. It pursued its only proper remedy by filing a petition to intervene, and praying that the court direct the receiver to pay to it the sums due. It appears from the record that the auditor did include with a supplemental report a record of the evidence.

The controlling issues are decided in the headnotes.

*Judgment affirmed. All the Justices concur.*