COOSA LAND COMPANY *v.* EDGERTON MANUFACTURING COMPANY.

HILL, J. 1. "In view of the complicated character of cases generally referred to auditors, and the length of the resulting record, there are specially strong reasons for requiring the strictest compliance with the

Appeal and Error, 3 C. J. p. 948, n. 76; 4 C. J. p. 894, n. 56.

provisions of the statute that all exceptions shall clearly and distinctly specify the errors complained of. The exception should contain all facts and rulings necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find error." *Armstrong* v. *Am. Nat. Bank of Macon*, 149 *Ga.* 165 (2) (99 S. E. 881), and cit. See *Barnes* v. *Commercial Credit Co.*, 161 *Ga.* 605 (3) (131 S. E. 476); *Miller* v. *Gibbs*, 161 *Ga.* 698, 700 (4a) (132 S. E. 626); *Bacon* v. *Bacon*, 161 *Ga.* 978 (3) (133 S. E. 512). Where exceptions of law and exceptions of fact in an equity case depend upon consideration of evidence submitted at the hearing before the auditor, and the exception does not set forth, literally or in substance, the evidence which the exceptor contends is material to the question for decision, it will not suffice to state merely that the evidence is to be found on designated pages of the brief of evidence as reported by the auditor.

2. The court did not err in disapproving the exceptions of fact, and in overruling the exceptions of law.

3. The report of the auditor was sufficient basis for the decree that was rendered by the judge, and consequently the exceptions to the decree are without merit.     *Judgment affirmed. All the Justices concur.*

No. 5968. FEBRUARY 15, 1928.

Exceptions to auditor's report. Before Judge Pomeroy. Fulton superior court. March 1, 1927.

*McElreath & Scott* and *J. Lon Duckworth,* for plaintiff in error. *J. E. Garst,* contra.