## DINGLER *v.* CUMBY.

No. 13075. NOVEMBER 14, 1939.

*D. B. Howe* and *Edwards & Edwards,* for plaintiff.
*J. L. Smith* and *H. J. McBride,* for defendant.

GRICE, Justice. Mrs. Ruby Dingler filed suit against Mrs. Julia Cumby. The petition as amended alleged, that on July 9, 1937, petitioner executed to defendant her twelve promissory notes for $25 each, aggregating $300, due $25 each month thereafter, and to secure them executed to defendant a deed to real estate (neither the deed nor the notes being attached as an exhibit, and no description thereof set forth) ; that the notes and the deed were given as security for a debt of $200 owed to defendant by Gordon Dingler, plaintiff's husband, and a debt of $45 owed to defendant by plaintiff's son, Ralph Dingler, which grew out of a liquor deal between her son and defendant's husband, M. C. Cumby, shortly before Christmas, 1936; that the amount of interest charged was 32 per cent. per annum; that on December 4, 1937, after advertising said property, defendant bought it at public sale for about $300, she being the only bidder; that throughout all these transactions defendant was represented by her husband, M. C. Cumby; that said property, located in the city of Tallapoosa, Georgia, was worth not less than $2500; that defendant executed a deed to herself as attorney in fact for plaintiff, which deed constitutes a cloud on peti-

tioner's title; that the contract and the entire proceeding were a scheme on the part of the defendant to hoodwink plaintiff and to procure her property for a small part of its value; that the sale was unfairly and inequitably conducted; that plaintiff had been ill for six weeks, and was unable at that time to meet the demands of defendant through her agent, M. C. Cumby, with whom alone plaintiff dealt and to whom she made all payments; that she yielded to his demands and executed the notes and security deed authorizing the defendant to sell the property in the event of a default in payment by petitioner. The prayers were, that the sale be set aside; that the deed be canceled; that the defendant be enjoined from disposing of the property; for accounting; and for general relief. The defendant filed a general and special demurrer. The court overruled certain grounds and sustained others, and gave the plaintiff five days in which to amend. The plaintiff filed a purported amendment, which on motion was stricken, and the action was dismissed.

The first exception is to the refusal to allow the amendment offered on July 19, 1939. On July 10, on passing on the demurrers, the court overruled certain grounds and sustained others, giving to the plaintiff five days in which to amend. In the order of July 10 it was not stated that unless the plaintiff within the time allowed amended to meet such grounds of the demurrer as were sustained the petition stood dismissed, but instead the order read: "If petition is not amended to meet the special demurrer sustained [sic], said paragraph is [paragraphs are?] sustained." The court, as the order reads, actually sustained paragraphs 3, 4, 5, 6, and 7 of the demurrer. To this order the complainant did not except. Paragraph 3 of the demurrer was based on the failure of the plaintiff to attach a copy of the deed referred to, or copies of the notes, or to give a special description of either the deed or the notes. In an apparent attempt to meet this ground of demurrer, the plaintiff by amendment gave a sufficient description of the notes; but although twice in her pleading stated that the security deed was attached, she did not attach it, and failed altogether to meet this ground of the special demurrer, except to allege that "the defendant is in possession of the deed described in said paragraph 2 and is using the same as a foundation for the sale of the property." The allegation was that defendant advertised "said

property," and bought in the same; that "said property" was worth not less than $2500, but brought at the sale approximately $300. The prayer was that the defendant be required to deliver up and cancel said notes "and said deed to secure debt, executed by plaintiff as security for her husband's and her son's debt." The defendant was entitled to have the plaintiff set forth some description of the property secured by the deed, and some further description of the deed besides its approximate date, and the names of the grantee and grantor. She called for this by special demurrer. The court ruled that she was entitled to this information, and gave the plaintiff five days in which to supply it by amendment. The only response was that the defendant had possession of the deed and was using it as the foundation of the sale of the property. What property? The petition fails to disclose. The prayer is to cancel the deed. What deed? When the plaintiff failed to meet this ground of special demurrer, among others, the court dismissed the action, which ruling is the basis of the second exception. The court did not err in so doing.

This decision does not go to the merits, the case having been determined on a question of pleading. Experience has taught that the best way to obtain justice is for the parties to put in writing their contentions, and it is best administered when a pleader sets forth with definiteness and distinctiveness his grounds of complaint or defense. When a complainant in substance sets forth a cause of action, the defendant may waive the absence of definiteness; but when the complaint is in that respect lacking, and a defendant seasonably and reasonably calls for more definite allegations, the law says he is entitled to them. Within bounds, a defendant has the right to know with particularity just what it is about which the plaintiff complains. It is rare when the enforcement of the recognized standards of good pleading works a hardship, and, instead of promoting the end in view, tends to thwart it; but even if those instances do occasionally happen, courts have no more power to abrogate the law of pleading than to refuse to enforce the substantive law. We are given no roving commission to decide cases according to our idea of justice. For the sake of uniformity, certainty, and impartiality, we have rules of law which must be followed, among them the law of pleading. In the introduction to Cases in Code Pleading, by Keigwin, the author observes that com-

plaints concerning the insufficiency of the legal system are most frequently directed against those incidents in the procedure of the courts which seem to occasion miscarriage of justice, which features of the system are often termed legal technicalities. The author reminds us, however, that really substantial doctrines of the law appear to be only matters of procedure. But he proceeds further and expresses some truths which judges and attorneys, and indeed laymen also, should remember. Says he: "And yet, from the very constitution of courts and the exigencies of legal procedure, it is inevitable that such miscarriages should sometimes occur and should cause more or less of mischief. Every art—whether it be medicine, carpentry, or some other—must be practiced subject to certain rules, which because they are practiced are technical. In any enterprise wherein two or more persons participate there must be agreement upon method and manner, some fixed course of procedure which must be observed lest confusion result and the purpose fail. Pre-eminently in the administration of justice it is necessary to secure orderly conduct, to achieve economy of time and effort, to insure fairness and certainty, to educe from conflict and contradiction the true understanding of facts and legal principle. Therefore litigation must be carried on subject to regulations which relate only to the manner of conducting it and which are themselves irrelevant to the merits of the matter in controversy, and every court must merely prescribe how rights are to be established and given effect." And as showing how necessary it is for such rules to be enforced, the same learned commentator adds: "Now, so soon as you prescribe any rule of procedure, you make it certain that that rule will be broken, that some one will, through ignorance, inattention, or ill intent, violate your prescription. And unless the rule has some sanction, so that departure from it carries a penalty in some kind of prejudice to the delinquent party, it were better to have no rule at all. Hence the enforcement of merely technical regulations of necessity, affects the matters in litigation, and must, more or less frequently and more or less materially, impair, delay, or defeat the abstract justice of the case. If it were not so, there would be a continual disregard of proper procedure, and in the courts chaos would be come again."

The foregoing ruling makes unnecessary the determination of other assignments of error presented by the record; for had the

court allowed the amendment offered on July 19, 1939, the fatal defect in the petition as amended, pointed out by that ground of the special demurrer above referred to, would not have been cured. It would be a vain thing to decree cancellation of a deed, with the record of the court not showing what property was involved, or such a description of the ·deed as would bring the case within the maxim *id certum est quod certum reddi potest.*

*Judgment affirmed. All the Justices concur.*