HOBBS *et al.* v. HOUSTON *et al.*

GRICE, Justice. 1. If a plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit will be granted. Code, § 110-310.

2. The petition being based on the theory that a conveyance absolute on its face, wherein the plaintiffs' intestate was grantor, and one of the defendants the grantee, was in reality a mere security deed, and that the indebtedness had been paid, so as to reinvest the legal title in the plaintiffs' intestate, the burden was in all events on the plaintiffs to make it affirmatively appear that the indebtedness had been paid.

3. Declarations of the grantor, then in possession, but since deceased, tending to show payments by him to the grantee, are mere hearsay, and as such have no probative value. *Eastlick* v. *Southern Ry. Co.*, 116 *Ga.* 48 (43 S. E. 499). See *Rucker* v. *Rucker*, 136 *Ga.* 830 (72 S. E. 241), and cit.

4. The rule that when a plaintiff is entitled to recover for detention of his land, the defendant is liable, not merely for what he realized in the way of rents or profits, but its actual fair rental value, has no application to a mortgagee or holder of a security deed, admitted into possession. In the latter case, he is held accountable only for the profits actually received, where ordinary diligence is exercised. Powell on Actions for Land, § 419; *Page* v. *Blackshear*, 78 *Ga.* 597 (3 S. E. 423); *Cook* v. *Powell*, 160 *Ga.* 831 (6), 832 (129 S. E. 546).

5. If a grantee sells and conveys property to a third person who takes without notice of an outstanding equity, the purchaser, as against the original grantor, his personal representative or his heirs at law, will acquire the legal title unaffected by such equity. *Copelin* v. *Williams*, 152 *Ga.* 692 (111 S. E. 186).

6. "The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact and for overruling the exceptions of law." *Smith* v. *Wilkinson*, 143 *Ga.* 741 (2) (85 S. E. 875); *First State Bank* v. *Avera*, 123 *Ga.* 598 (51 S. E. 665); *Armstrong* v. *American National Bank of Macon*, 149 *Ga.* 165 (86 S. E. 1087). See *Coosa Land Co.* v. *Edgerton Mfg. Co.*, 165 *Ga.* 808 (142 S. E. 149); *Loyd* v. *Camp*, 172 *Ga.* 510 (158 S. E. 40).

7. Applying the foregoing rulings to the instant record, no error appears in the judgment overruling the exceptions to the report of the auditor, and in approving his report granting a nonsuit and dismissing the case.

*Judgment affirmed. All the Justices concur.*

No. 13350. JUNE 13, 1940.

*R. D. Smith, R. S. Foy,* and *W. C. Smith,* for plaintiffs.

*Ford & Houston, J. H. Tipton, Leonard Farkas,* and *Walter H. Burt,* for defendants.