FUQUA *et al.*, executors, *v.* HADDEN, guardian, *et al.*

No. 13820.   SEPTEMBER 10, 1941.

■ ■

*William K. Miller* and *Paul T. Chance,* for plaintiffs.

*Bussey & Fulcher, R. M. Daley,* and *L. F. Watson,* for defendants.

GRICE, Justice. ■ Though having certain elements in common with some of the other exceptions, the one numbered 10 in the preceding statement of facts contains a feature not embodied in any of the others; and for that reason we shall deal with it first.

We feel safe in declaring that in an equity case, when the exceptions involve consideration of the evidence, the exceptor must set forth in connection with each exception the evidence necessary to be considered, or attach it as an exhibit, or, to qualify what is just stated with the further sentence, that in such a case the exceptions should at least point out definitely where the evidence is to be found. *Butler* v. *Georgia & Alabama Railway,* 119 *Ga.* 959 (47 S. E. 320) ; *Green* v. *Valdosta Guano Co.,* 121 *Ga.* 131 (48 S. E. 984) ; *Weldon* v. *Hudson,* 120 *Ga.* 699 (48 S. E. 130) ; *Perkins* v. *Castleberry,* 122 *Ga.* 294 (50 S. E. 107) ; *First State Bank* v. *Avera,* 123 *Ga.* 598 (51 S. E. 665) ; *Orr* v. *Cooledge,* 125 *Ga.* 496 (54 S. E. 618) ; *Baxter* v. *Camp,* 126 *Ga.* 354 (54 S. E. 1036) ; *Brock* v. *Wildey,* 132 *Ga.* 19 (63 S. E. 794) ; *Lively* v. *Inman,* 135 *Ga.* 10 (68 S. E. 703) ; *Armstrong* v. *American National Bank,* 149 *Ga.* 165 (99 S. E. 884) ; *Faucett* v. *Rogers,* 152 *Ga.* 168 (108 S. E. 798) ; *Board of Lights & Waterworks* v. *Niller,* 155 *Ga.* 296 (116 S. E. 835) ; *Barnes* v. *Commercial Credit Co.,* 161 *Ga.* 605 (131 S. E. 476) ; *Miller* v. *Gibbs,* 161 *Ga.* 698 (132 S. E. 626). It has often been held that the rule as to what exceptions of fact in an equity case should contain applies as well to exceptions of law when they involve a consideration of the evidence on which the auditor based his findings. *Butler* v. *Georgia & Alabama Railway,* supra; *Weldon* v. *Hudson,* supra; *Perkins* v. *Castleberry,*

supra; *Armstrong* v. *Winter,* 122 *Ga.* 869 (50 S. E. 997); *First State Bank* v. *Avera,* supra; *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (51 S. E. 666); *Winkles* v. *Simpson Grocery Co.,* 132 *Ga.* 32 (63 S. E. 627); *McCord* v. *Jackson,* 135 *Ga.* 176 (69 S. E. 23); *Barnes* v. *Commercial Credit Co.,* supra; *McCoy* v. *Johnson,* 161 *Ga.* 638; *Miller* v. *Gibbs,* supra. It has frequently been decided that a failure to comply with this rule is a sufficient reason for overruling the exceptions of law. *Butler* v. *Georgia & Alabama Railway,* supra; *Perkins* v. *Castleberry,* supra; *Armstrong* v. *Winter,* supra; *Linder* v. *Whitehead,* 125 *Ga.* 115 (53 S. E. 588); *Winkles* v. *Simpson Grocery Co.,* supra; *McCord* v. *Jackson,* supra; *Smith* v. *Wilkinson,* 143 *Ga.* 741 (85 S. E. 875); *Jones* v. *Laramore,* 149 *Ga.* 825 (102 S. E. 526); *Faucett* v. *Rogers,* supra; *Board of Lights & Waterworks* v. *Niller,* supra; *Miller* v. *Gibbs,* supra.

In several of the cited cases the duty of the exceptor in the situation presented is said to be to set forth in connection with each exception, or to attach as an exhibit, or to "point out by appropriate reference to the auditor's brief of the evidence" those portions of the evidence relied on by him. In other cases the expression is, "or at least point out to the court where such evidence is to be found in the brief of the evidence prepared and filed by the auditor." In none of the cases where language was used tending toward the view that the rule would be complied with if the party excepting pointed out in his exception by reference to the auditor's brief where such evidence is to be found, was that specific question involved, unless it was in *Board of Lights & Waterworks* v. *Niller,* supra; and therefore any language therein which seems to imply that such reference would suffice is obiter since, save in the case last referred to, in each instance the court ruled that the exceptions were not in proper form. In such a situation, to declare that they would "pass muster" if they had contained something else, was manifestly a question on which the court could express no authoritative opinion. An examination of the record in *Board of Lights & Waterworks* v. *Niller,* supra, shows that in each of the exceptions in that case which involved consideration of the evidence reference was made to the pages of the auditor's brief where the evidence relied on could be found. But they did more than this. Such exceptions, when referring to the oral testimony, set forth the

same in substance, with the names of the witnesses, and as to some the entire testimony was attached as an exhibit. We are not holding in the instant case that to merely designate in the exceptions the pages of the auditor's report where the evidence relied on may be found is sufficient. In *Torras* v. *Raeburn,* 108 *Ga.* 345 (33 S. E. 989), may be found the following: "The bill of exceptions assigns error upon the judgment of the court in overruling the exceptions filed by the defendants to the auditor's report, and refers to the record for such exceptions. The exceptions contained in the record which complain of the rulings of the auditor in the admission and rejection of evidence do not set forth the evidence admitted or rejected, but refer to 'the report of the auditor and accompanying documents' for the evidence which is the subject of exception, and in some instances for the grounds of objection as well. Such assignments of error can not be considered by this court. A ground of a motion for a new trial, complaining of the admission or rejection of evidence, will not be considered unless it is complete in itself, requiring no reference to other parts of the record to render it intelligible. *Herz* v. *Claflin,* 101 *Ga.* 615 [29 S. E. 33] ; *Shockley* v. *Morgan,* 103 *Ga.* 156 [29 S. E. 694]. We see no reason why the same rule should not be applied to exceptions to an auditor's report."

In *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874), this court, after referring to the fact that the rule seems to be universal that in this class of cases the exception should be so framed as to relieve the superior court and this court of the burden of going over the entire case, or performing duties which properly belong to master and counsel, quoted from Commander in Chief, 1 Wall. 43 (17 L. ed. 609), as follows: "Parties excepting to a report should state with reasonable precision the grounds of their exceptions in connection with such other particulars as will enable the court to ascertain, without unreasonable examination of the record, what the basis of the exception is. For example, if the exception be that the commissioner received improper and immaterial evidence, the exception should show what the evidence was. If, that he had no evidence to justify his report, it should set forth what evidence he did have." The court had occasion to refer to this subject again shortly thereafter, where the trial court was affirmed for striking certain exceptions of law without going into the abstract question as to whether

the auditor's ruling was correct, and in doing so said: "Several of the exceptions assigned as error that the auditor's conclusion is unauthorized by the facts, as will appear by a reference to designated pages of the brief of evidence, in connection with the finding of facts on a given page and line of the auditor's findings of fact. Under this form of an exception it is first of all necessary to find the ruling complained of, then to search through the designated portions of the brief of evidence to discover what was the evidence, and, thus having secured the material, determine whether or not the exception was well taken. There are many cases in the books, and several recently decided by this court, which emphasize the peculiar necessity for requiring exceptions and assignments of error on auditor's reports to be complete in themselves. . . These exceptions ought not to refer the court from one part of the record to another to discover what was ruled, and to other and various parts of the record to search for evidence relating to that particular point, but the exception should be complete in itself. It should state what was the ruling complained of, the evidence on that point, and state of what and wherein the error consisted." *Weldon* v. *Hudson,* supra.

In *Baxter* v. *Camp,* supra, the same ruling was again laid down, the court citing and following the decision in *Weldon* v. *Hudson,* supra. In *Armstrong* v. *American National Bank of Macon,* supra, a ruling to like effect was based on the authority of *Hudson* v. *Hudson,* supra, the court again stating the rule: "In view of the complicated character of cases generally referred to auditors, and the length of the resulting record, there are specially strong reasons for requiring the strictest compliance with the provisions of the statute that all exceptions shall clearly and distinctly specify the errors complained of. The exception should contain all facts and rulings necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find error." See *Loyd* v. *Camp,* 172 *Ga.* 510 (158 S. E. 40), and *Robinson* v. *Reese,* 175 *Ga.* 574 (165 S. E. 744), where the rule stated in *Hudson* v. *Hudson,* supra, was reiterated. In view of the authorities next above referred to, commencing with *Torras* v. *Raeburn,* supra, and ending with *Robinson* v. *Reese,* supra, it is difficult to harmonize the expression in some of them, that a reference to the evidence contained in the auditor's report will suffice,

with the earlier deliverances of this court (to wit, those in *Torras* v. *Raeburn, Hudson* v. *Hudson,* supra, the first being by six Justices, and the latter by five Justices, one being absent), which have been referred to approvingly and relied on as authority in so many subsequent cases, as hereinbefore pointed out. Regardless, however, as to whether or not an appropriate reference to the auditor's report of the evidence will suffice, we are satisfied that in the instant case the exceptions now under consideration do not meet the requirements. A consideration of the evidence is necessary to determine the correctness of the auditor's ruling. None of the evidence is included or attached as an exhibit, but this statement is made: "the error being, as plaintiffs contend, that it appears upon the face of the report and the facts reported in connection with such ruling;" in another, that "it clearly appears from an exemplified copy of said proceedings introduced in support of the allegations;" in another, that the finding is "wholly unsupported by any fact or circumstance;" and in still another dealing with the finding that the total sum that came into the hands of the guardian was $4018.75, it is said, "the error being, as plaintiffs contend, that his honor the auditor in arriving at the said sum appears to have merely adopted the alleged income appearing on the unapproved returns of the guardian, whereas it was found and appears from the report that the guardian did not make an 'accurate exhibit' of the property, and that he made 'incomplete returns,' and it further appearing on pages 3 to 27 of the evidence that the guardian did not make true and correct returns, in that he did not therein or elsewhere report or exhibit to the court the following farm produce and property received from share croppers Bracewell and Latimore, to wit, 40 bales of cottonseed, 595 bu. of corn, 150 bales of hay, 1000 bdls. fodder, and one load of watermelons; that the guardian did not by said returns or elsewhere report to the court of ordinary any account sales of large quantities of cotton received by him from the plantation of the ward, showing to whom it was sold, when it was sold or what price he received for it." The pages of the evidence as filed by the auditor, as appears in the record before us, are not given by numbers. The entire record consists of fifty-five numbered pages, which is incorporated in the bill of exceptions. The first page of this evidence is numbered 20, the last page 55. If we look to the bill of exceptions and, com-

mencing where the evidence begins, count until we reach page 20 thereof, and examine the pages immediately following till page 27 has been finished, we then would not know whether we had read that portion of the evidence which the excepting party relies on; for there is no assurance that the person who drafted that part of the bill of exceptions containing the evidence put on each page the subject-matter, no more and no less, which appeared on each of the pages of the brief as reported by the auditor. But if by some such method of examination we could locate the particular pages which we believe the exceptor probably had in mind, we would find on these pages a great mass of evidence that is utterly irrelevant to the issue raised by the particular exception in which reference is made to the pages of the evidence. Even if by an "appropriate reference" contained in the auditor's report of the evidence the rule in question could be complied with, notwithstanding the deliverances of this court in the earlier cases hereinbefore referred to, to the effect that no exception of the character under discussion will be considered unless it is complete in itself, requiring no reference to other parts of the record to render it intelligible, and notwithstanding what was therein said that in this class of cases the exception should be so framed as to relieve the superior court and this court of the burden of going over the whole case, or performing duties which properly belong to the auditor and counsel, and notwithstanding the statement of the rule as laid down in *Armstrong* v. *American National Bank,* supra, which statement omits also any reference to the report of the testimony as made by the auditor, we are of the opinion that the exceptions now under consideration contain no "appropriate reference" to the testimony, and that since none of the evidence relied on by plaintiffs in error was incorporated therein or attached thereto as an exhibit, such failure in and of itself afforded a sufficient reason for the action of the judge in overruling it. It is the duty of the court to declare and apply the law, and this includes the law of procedure as well as the substantive law. The rules as to the manner of framing exceptions to the findings of an auditor and what they should contain are not designed as pitfalls to catch the unwary, nor is their primary purpose to lessen the labor of the judges. The larger objective is to provide aids to the more efficient administration of justice. See, as to the necessity for having rules of procedure,

how a continual departure therefrom tends to bring chaos into the court, the statement of an accomplished law-writer quoted in *Dingler* v. *Cumby*, 189 *Ga.* 182, 185 (5 S. E. 2d, 753).

For the reasons indicated in this division of the opinion there was no error in overruling exception 10, or in overruling exceptions 2, 3, 5, 6, 8, and 9, for the reason that the evidence is necessary to be considered in determining the question sought to be raised by the exceptions, and the testimony is not incorporated in the exceptions or attached thereto as exhibits; nor, as in exception 10, is there even any reference to pages of the auditor's report of the evidence, where it may be found, even if such reference would suffice.

■ The ruling in the second headnote is merely another evidence of the application of the governing rule that exceptions must be complete in themselves, and that parties excepting to a report should state with reasonable precision the grounds of their exceptions in connection with such other particulars as will enable the court to ascertain, without unreasonable examination of the record, what the basis of the exception is. *Hudson* v. *Hudson, Baxter* v. *Camp, Loyd* v. *Camp, Robinson* v. *Reese,* supra.

Exception 4 points out, as a reason why the exception is well taken, that, as contended, the guardian had never made any returns to the court of ordinary, as ruled by the auditor on pages 35 and 36 of his report, and that "since it appeared of record in the court of ordinary at the time the said order was granted that the guardian had never made an inventory or accurate exhibit or any exhibit of the assets of the ward's estate as required by law," etc., and "as appeared of record, any act of the said guardian, the said order is, upon the face of the record, fraudulent and void." There is nothing included within this exception of law that furnishes the necessary data for a determination of the question whether there was or not any error. The fourth exception is further defective in that it points out no ruling of law made by the auditor. It recites that the auditor ruled (a) that this is an application for extra compensation, (b) that it was granted by the ordinary, and (c) that "ample reason appears to be behind the request." What error it is upon which exceptors base an exception of law is not stated. There is no specific assignment of error. The exception follows with a recital of certain contentions as to what appears of record, and

certain negative statements are made; but what particular ruling it is to which exception is taken is not stated. And the same is subject to the criticism that it does not state with reasonable precision the ground of the exception in connection with such particulars as will enable the court to ascertain, without unreasonable examination of the record, what the basis of the exception is.

The seventh exception is to the ruling of the auditor allowing the guardian credit for $638.10, "the error being, as plaintiffs contend, that it appears upon the face of the report and in said ruling that the said checks were drawn and the disbursements made long after the death of the ward, and the said disbursements were illegal and were an unlawful usurpation of authority, and was done over the protests of the plaintiffs, and the defendants are accountable to the plaintiffs for the said sum of $638.10, as a matter of law." The observations just made as to the fourth exception apply to the seventh. They can not be intelligently considered without an examination of the returns themselves, and of such records in the court of ordinary as the exceptor had in mind when he framed the exception. Nor is the seventh exception sufficiently specific in its assignment of error. Besides this, the exceptions numbered 4 and 7 can not be intelligently considered without an examination of the documents or writing which are therein referred to. For these reasons it was not error to overrule the same.

■ Two attorneys were named among the defendants. They were charged with conspiring with certain other defendants to defraud the estate and of participating with them in its "malversation." The auditor found against the complainants as to the defendant attorneys, acquitting them of any wilful misconduct and of any liability to the complainants. No exception to such finding was taken. Certain other exceptions were filed, all of which were overruled and disallowed by the judge. A decree was entered in conformity with the auditor's conclusion. It contained this sentence: "Other defendants [naming the defendant attorneys] are dismissed." The plaintiffs assign error on so much of the decree as is contained in the quoted words. While this part of the decree, in view of the findings of the auditor, may have been superfluous, its inclusion therein affords no basis for reversal. If erroneous, the correction of the error would not gain any substantial benefit for the plaintiffs, because, under the finding unexcepted to, they

made out no case against these two defendants. The error, if any there be, was harmless, under this record.

The assignments of error under this record which relate to entering of the decree were without merit.

*Judgment affirmed. All the Justices concur.*