SENGSTACKE *et al.* v. AMERICAN MISSIONARY
ASSOCIATION.

No. 14612. SEPTEMBER 11, 1943.

*Anderson Ulmer,* for plaintiffs in error.
*Aaron Kravitch* and *J. G. Lemon,* contra.

GRICE, Justice. This case presents some unusual features. The bill of exceptions recites that it is a "bill in equity." As a matter of fact bills in equity are unknown to the Georgia practice since the uniform procedure act of 1887 (Ga. L. 1887, p. 64), the provisions of which may be found in various sections of the Code, among them § 81-101, which in fact declares that all suits in the superior courts for legal or equitable relief, or both, shall be by petition, etc. "Bills in equity . . are abolished." § 3-104. This petition to the superior court involves title to land, but it contains an averment, "because of the facts involved in said case, and because of the insolvency of the defendants, that your petitioners have no adequate remedy at law, but that a court of equity has jurisdiction to afford them full and complete relief in the premises." Certain other equitable relief is prayed for, besides the prayer that title be decreed in petitioner. Therefore the case is to be treated as an equity case. The record shows that the "petitioner has moved for the appointment of a special master to try said cause, in which motion counsel for defendants have joined," and that thereupon the court appointed John Z. Ryan as special

master "to hear all the evidence and arguments and motions in the above-stated cause, and report his findings of fact and law to the court." The master filed a report divided into findings of fact and findings of law, and ending as follows: "Applying the foregoing findings of law to the findings of fact, it is the conclusion of the special master that the possession of the Sengstackes was inceptively permissive; and there being no evidence of any notice of adverse claim of title or circumstances equivalent to such notice, the fee-simple title to the property in controversy should be decreed in the American Missionary Association. This 25th day of February, 1943. Respectfully submitted, John Z. Ryan, Special Master." To this report exceptions were filed, denominated "exceptions of fact," and "exceptions of law." In none of the so-called exceptions of fact is the evidence or any of it shown; and the same is true of the so-called exceptions of law, although none of the exceptions of law can be determined without a reference to the facts. Both the exceptions of fact and of law contain nothing more than a statement by the losing parties that they except to the findings of fact, there not even being a statement in the exceptions as to what the findings on those facts were. And the same comment is applicable to their exceptions of law. All exceptions to the findings of the special master were overruled, and a decree was entered in favor of the plaintiff. The assignments of error in the bill of exceptions are as follows: "To the findings of fact and law by said special master, and to the opinion of the court overruling exceptions of defendants to the findings of said special master, and to the decree of the court as aforementioned, the defendants excepted, and now except and assign the error thereon as being contrary to law, and say that the court erred in disallowing the exceptions of fact and law to the findings of the special master on each and all of the grounds therein stated."

Masters in equity cases, both special and standing, have been abolished since the approval of the act of December 18, 1894. Ga. Laws, 1894, p. 123 (Code, § 10-101 et seq.). The first sentence of that act declares that "The duties heretofore performed by a master in the superior court shall be performed by an auditor," etc. For the purposes of this case we will treat the appointment of Mr. Ryan as that of auditor, although denominated by the judge and the parties as special master. It is not permissible in a bill

of exceptions to assign error on the findings made by an auditor. The way to reach error therein, if error there be, is to file exceptions thereto in the trial court, and, if they be not approved by the judge, to assign error on his ruling. Nor is it permissible to assign error on the opinion of the court in passing upon such exception. It is to the rulings of the court, and not the reasons therefor, on which error may be assigned. In so far as error is assigned on the decree itself, the only statement is that error is assigned thereon as being contrary to law. If this be treated as a special assignment of error as is required by the Code, nevertheless no error is shown, since the only reason presented in the bill of exceptions or in the briefs for the plaintiffs in error why the decree is contrary to law is that it is based on erroneous findings by the auditor. If we were allowed to treat the assignments of error as covering the exceptions, such exceptions were involved under the rulings in *Fuqua* v. *Hadden,* 192 *Ga.* 654 (16 S. E. 2d, 728), and *O'Rear* v. *Lamb,* 194 *Ga.* 455 (22 S. E. 2d, 74).

Nothing remains to be done but to affirm the judgment of the trial court.　　*Judgment affirmed. All the Justices concur.*